Philip S. SPENCE, Jr., et al., Appellants,

v.

Elizabeth Margaret SPENCE, Appellee.

No. 359.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 6, 1970.

Rehearing Denied June 10, 1970.

Max Garrett, Garrett & Letbetter, Houston, Charles R. Slone, Peareson, Scherer, Roberts & Slone, Richmond, for appellants.

Ralph K. Miller, Miller, Gann & Perdue, Houston, for appellee.

TUNKS, Chief Justice.

By judgment dated August 16, 1968, the Court of Domestic Relations No. 3 for

Harris County, Texas, granted Elizabeth Margaret Spence a divorce from Dr. Philip S. Spence, Jr. In that judgment the court awarded to Dr. Spence, as his part of the community property, among other things, a 64-acre tract of rural land in Fort Bend County, Texas. The court awarded to Elizabeth Margaret Spence certain items of property and also "to further equalize the awards herein made" rendered judgment in her favor against Dr. Spence in the amount of $40,000 and for attorney's fees in the amount of $4,000. That judgment did not fix any lien on any of the property awarded to Dr. Spence to secure his payment.

On August 26, 1968, Dr. Spence filed a motion for new trial in the Harris County divorce case. On September 17, 1968, Dr. Spence filed a motion to dismiss and withdraw this motion for new trial. Thereafter, also on September 17th, he executed an instrument giving "to my fiancee, Lorain Scribner," a boat and certain livestock which had been awarded to him in the divorce decree. Also on the same day he executed a deed conveying to Lorain Scribner a lot in Port O'Connor, Texas, which also had been so awarded to him in the divorce decree. Later, but still on the 17th of September, Dr. Spence and Lorain Spence were married by a judge in Harris County, Texas. Thereafter, at 11:10 a. m. on September 17, 1968, a voluntary designation of homestead was filed in Fort Bend County, whereby Dr. Spence designated as his family's homestead the 64-acre tract in Fort Bend County, which had been awarded to him in the Harris County divorce decree.

On October 4, 1968, Mrs. Elizabeth Margaret Spence caused an abstract of the Harris County divorce decree and money judgment to be filed in Fort Bend County in an effort to impose a judgment lien upon the 64-acre tract.

The money judgment in the divorce decree has not been paid. A garnishment of a bank account resulted in a recovery of a small sum of money. This suit was filed by Mrs. Elizabeth Spence in the district court of Fort Bend County, Texas, against Dr. Philip S. Spence, Jr. and his present wife, Lorain Spence. In it the plaintiff sought a judgment setting aside the conveyances to Lorain Scribner (now Lorain Spence), for the foreclosure of an alleged judgment lien on the 64-acre tract, for the appointment of a receiver to take over and liquidate those assets and for certain injunctive relief. The case was tried before the court without a jury. The principal question in the trial court, and here, is as to whether the 64-acre tract was so invested with a homestead character as to render it exempt from the reach of the former wife in satisfaction of the money judgment in the divorce decree. The trial court rendered judgment for the plaintiff, Mrs. Elizabeth Spence granting substantially all of the relief she sought. In general the trial court held that the gifts of the personalty and the Port O'Connor realty to Lorain Scribner were in fraud of Mrs. Elizabeth Spence as a creditor and were void, that the 64-acre tract was not the homestead of Dr. Spence and his newly formed family and that the plaintiff had established a valid judgment lien against that property by filing, on October 4, 1968, the abstract of the Harris County judgment. The trial court appointed a receiver to take over the assets held to be available for the satisfaction of the Harris County judgment and enjoined Dr. Spence from disposing of or secreting his assets.

Dr. Spence and his wife Lorain have appealed complaining, in particular, from that portion of the trial court's judgment which held that the 64-acre tract was not their homestead, and was subject to sale in satisfaction of the money judgment against Dr. Spence. The appellants concede that those portions of the trial court's judgment holding that the gift of the personal property and the Port O'Connor real property were in fraud of creditors and the adjudging that they be set aside are sustainable on the record.

We sustain the position of the appellants. We hold, as a matter of law, that the appellants effectively established a homestead upon the 64-acre tract in question, which homestead prevented the attachment of any judgment lien by the filing, in Fort Bend County, on October 4, 1968, the abstract of the Harris County judgment in favor of the appellee.

When Dr. Spence separated from Mrs. Elizabeth Spence he moved into an apartment in Houston. He is a medical doctor whose practice is in Houston. Soon after Dr. Spence moved into his apartment Lorain Scribner moved into the apartment adjoining his. Mrs. Scribner worked as a secretary in Houston and has continued to do so since her marriage to Dr. Spence. It was the testimony of Dr. and Lorain Spence that after their marriage on September 17, 1968, they went to San Antonio for a short honeymoon. On their return, on September 20, 1968, they moved into a small house on the 64-acre tract. At that time they moved the furniture from the apartment that had been occupied by Dr. Spence out to the 64 acres they did not at that time move the furniture that was in the apartment which had been occupied by Lorain Scribner, because, they testified, the existing house on the 64-acre tract was not large enough to accommodate it.

Before September of 1968, Dr. Spence employed a carpenter to enlarge the living quarters on the 64 acres. When he first started working on the living quarters the carpenter was regularly employed elsewhere and worked at the 64-acre tract only on weekends. Later the carpenter quit his regular job and worked on the Spence living quarters full time. On February 8, 1969, the house on the 64-acre tract was completed and Dr. and Lorain Spence moved the furniture from the apartment Lorain Spence had occupied out to the farm.

■ Since this case was tried before the court and no findings of fact and conclusions of law were requested or filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Seaman v. Seaman (Tex.Sup.Ct.), 425 S. W.2d 339.

■ The family for whose benefit a homestead is claimed came into existence on the morning of September 17, 1968 when Dr. Spence and Lorain Scribner were married. Within hours thereafter Dr. Spence evidenced his intention of making the 64-acre tract the homestead of that family. More significant is the fact that at that time Dr. Spence was in the process of building a suitable dwelling on the property and in due time Dr. and Lorain Spence moved into the property and have, since then, continuously lived in it as their home. They were living in it at the time of the trial and did not maintain a residence at any other place. Those facts were conclusively established by the evidence. They show, as a matter of law, that the 64-acre tract is the homestead of Dr. and Mrs. Lorain Spence and is exempt from any claim of Mrs. Elizabeth Spence.

Uncorroborated testimony of Dr. Spence as to his intention, on September 17, 1968, that the property in question be a homestead of his newly created family might have been disregarded by the trial court since he was an interested party. But his testimony was not uncorroborated. The testimony of disinterested witnesses, neighbors and the carpenter who worked on the house, show that Dr. Spence was building the house, that he continued the construction to completion, that he and Lorain Spence moved into it and occupied it as their home and that they had continued to so occupy it since. In Youngblood v. Youngblood, 124 Tex. 184, 76 S.W.2d 759 (Tex.Com.App.1934), op. adopted, the Court made the following statement:

"* * * Investigation of intention need not be made when the land is actually put to homestead uses. Such actual use of the land is the most satisfactory and convincing evidence of intention.

Schulz v. L. E. Whitham & Co., 119 Tex. 211, 217, 27 S.W.(2d) 1093; Little v. Baker (Tex.Sup.) 11 S.W. 549; Texas Land & Loan Co. v. Blalock, 76 Tex. 85, 13 S.W. 12; Ruhl v. Kauffman & Runge, 65 Tex. 723; Speer's Law of Marital Rights, §§ 461, 462."

■ There is evidence from which the court might have found that Dr. Spence and his wife, Lorain, continued their residence in the Houston apartment formerly occupied by Lorain until February 8, 1969. Business records of the apartment owner showed that Dr. Spence moved out on that date. Dr. Spence testified that they kept the apartment because they could not put its furniture in the house in the country until that house was completed and it was simpler to keep the apartment than to move and store the furniture. However, even if it be assumed that the doctor and his new wife continued to reside in the apartment until the house in the country was completed, that would not justify a conclusion that Mrs. Elizabeth Spence fixed a judgment lien against the property before the homestead exemption rose. When Dr. Spence, on September 17, 1968, selected the 64-acre tract as the homestead for his family, which selection was accompanied by and followed by his unequivocal acts evidencing his intention to make it his family's home the exemption attached. Houston Lumber Supply Co. v. Wockenfuss, Tex.Civ.App., 386 S.W.2d 330, writ ref., n. r. e.; 2 Speer's Marital Rights in Texas, 92, Sec. 482.

■ The evidence supports a conclusion that Dr. Spence has deliberately failed and refused to pay the money judgment against him and in favor of Mrs. Elizabeth Spence. His income was shown to be sufficient that at least a substantial part of it could have been paid. In his testimony he frankly admitted that he designated the 64-acre tract as his homestead for the very purpose of putting it beyond the reach of his former wife in satisfaction of that judgment. Those facts, however, do not justify a disregard of the uncontroverted facts which show, as a matter of law, that the property in question became the homestead upon its being selected as such. The purpose of the constitutional provisions, Texas Constitution, Art. 16, Sec. 51, Vernon's Ann.St., and of the statutory provisions, Art. 3833, Vernon's Ann.Tex.Civ.St., is to secure to the family a home of which it cannot be deprived by creditors. In Cocke v. Conquest, 120 Tex. 43, 35 S.W.2d 673, at p. 678, the Court said:

"* * * The homestead right, when fixed, is an estate in land, and a creditor has no right in it nor to it as a security. This exemption from forced sale of a homestead is founded upon public policy, and must be upheld and enforced, as it should be, and has been scarcely without an exception by the courts of this state, notwithstanding the fact that in doing so they sometimes directly assist a dishonest debtor in wrongfully defeating his creditor. * * *"

■ Those portions of the trial court's judgment setting aside the gifts by Dr. Spence of the Port O'Connor property, the livestock and the boat to Lorain Scribner as being in fraud of Mrs. Elizabeth Spence are amply supported by the evidence. Under the circumstances the trial court was justified in appointing the receiver to take possession of those properties and to apply them to the satisfaction of Mrs. Elizabeth Spence's judgment. The trial court was also justified in enjoining Dr. Spence from further disposing of or concealing those of his assets subject to be reached in satisfaction of the money judgment against him. The trial court's judgment, in these respects, is affirmed.

The trial court's judgment, however, in holding that the 64-acre tract was subject to being taken in satisfaction of Mrs. Elizabeth Spence's judgment, was erroneous. That judgment in that respect is reversed and judgment is here rendered that such 64-acre tract became a valid homestead

before Mrs. Elizabeth Spence filed the abstract of her judgment in Fort Bend County and is exempt from any judgment lien that may have arisen from such filing.