**Donald W. EALY, Appellant,**

v.

**Patricia Dooley EALY, Appellee.**

**No. 8870.**

Court of Civil Appeals of Texas, Texarkana.

May 5, 1981.

Rehearing Denied May 26, 1981.

John R. Stooksberry, Boyd, Veigel & Gay, Inc., McKinney, for appellant.

Tom O'Connell, McKinney, Burt Barr, Dallas, for appellee.

HUTCHINSON, Justice.

This is a suit seeking to force the sale of a homestead.

Appellee, Patricia Dooley Ealy, instituted suit against appellant, Donald W. Ealy, seeking the appointment of a receiver for the judicial sale of appellant's homestead. Appellee was granted a divorce from appellant in Domestic Relations Court No. 2 of Dallas County, Texas, on November 22, 1977. Appellant neither answered nor appeared in the divorce proceedings. By the divorce judgment appellant was awarded the home as his separate property, along with some personal property, and appellee was awarded some personal property and $25,000.00 "... in lieu of her interest in the home, household furniture and fixtures, therein." The judgment then appointed appellant "... Trustee for said Petitioner and (he) is ordered to pay Petitioner the sum of $450.00 per month, plus six percent interest for her equity in the home, household, furniture and fixtures, ...". No lien, claim, interest or other right in the home was awarded to appellee by the divorce judgment.

Appellant failed to make the monthly payments and filed a voluntary petition for bankruptcy in the United States District Court for the Northern District of Texas. On July 25, 1978, the bankruptcy court discharged appellant from any personal liability with respect to the $25,000.00 indebtedness but without prejudice to any interest claimed by appellee with respect to the properties of the parties which were before the Domestic Relations Court of Dallas County in the divorce proceeding concluded in November of 1977.

Thereafter this suit was filed and the case was submitted to the trial court upon written fact stipulations. By these stipulations it was stated that: (1) the home was acquired by the parties in December of 1973 and that at that time was designated as their homestead; (2) at the time of such designation the city lot had a value of less than $10,000.00 exclusive of the improvements thereon; (3) the home was maintained as their homestead until the divorce was granted on November 22, 1977; (4) appellant continued to maintain and occupy the home as his homestead since the divorce; (5) as of the date of the divorce the lot upon which the home is situated had

maintained a value of less than $10,000.00, exclusive of the improvements thereon; and, (6) appellee's claim to an equitable interest in the homestead is based solely upon the provisions of the divorce decree of November 22, 1977, and not upon any other document or agreement.

Based upon these stipulations, the trial court appointed a receiver to sell the home and then place the proceeds from such sale into the registry of the court for further orders of the court.

■ Appellant by his first point of error asserts that the trial court erred in failing to render judgment for him for the reason that the property in question is protected from forced sale by virtue of Article XVI, § 50 of the Texas Constitution. This section provides in part that:

"The homestead ... of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, ... No mortgage, trust deed or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, ...".

In support of this point of error, appellant relies upon the case of *Spence v. Spence*, 455 S.W.2d 365 (Tex.Civ.App.-Houston [14th Dist.] 1970, writ ref'd n.r.e.). In that case the trial court granted the husband, among other things, a 64 acre tract of land, which he designated as his homestead. The court awarded the wife certain items of property and rendered judgment in her favor against the husband for $44,000.00 "to further equalize the awards herein made." Upon the husband's failure to pay the $44,-000.00, the wife brought suit to foreclose her judgment lien on the 64 acre tract. The appellate court held, as a matter of law, that the husband had established a homestead upon the 64 acre tract which prevented the attachment of the judgment lien and in so doing said:

"'... The homestead right, when fixed, is an estate in land, and a creditor has no right in it nor to it as a security. This exemption from forced sale of a homestead is founded upon public policy, and must be upheld and enforced, as it should be, and has been scarcely without an exception by the courts of this state, notwithstanding the fact that in doing so they sometimes directly assist a dishonest debtor in wrongfully defeating his creditor. ...'"

Appellee relies heavily upon the fact that the divorce judgment in the present case named the appellant a Trustee and as Trustee is ordered to pay the monthly sum. The concept of appointing one spouse as trustee to receive and remit to a former spouse is not novel in Texas. *Ex Parte Sutherland*, 526 S.W.2d 536 (Tex. 1975); *Ex Parte Yates*, 387 S.W.2d 377 (Tex. 1965); *Ex Parte Preston*, 162 Tex. 379, 347 S.W.2d 938 (1961); and *Ex Parte Neff*, 542 S.W.2d 268 (Tex.Civ.App.-Fort Worth 1976, no writ). This line of cases holds that one serving as a trustee for a former spouse can be held in contempt of court for failure to remit presently existing property awarded to his former spouse, but the contempt action cannot be used to enforce the future payment of nonexistent or unspecified funds.

In the instant case, the home was awarded to appellant as his separate property and the trial court has found it to be his lawful homestead. We therefore hold that the case of *Spence v. Spence*, supra, must be followed and the first point of error is sustained.

■ Appellant's second point of error is that the relief sought by appellee was barred by the doctrine of res judicata since the same subject matter was litigated by the same parties in a prior court having competent jurisdiction over the parties and the property. This point of error is also sustained. *Goldberg v. Goldberg*, 425 S.W.2d 830 (Tex.Civ.App.-Fort Worth 1968, no writ).

This Court's holdings on points of error numbered one and two render the discussion of appellant's additional conditional points unnecessary.

The order of the trial court is reversed and judgment is here rendered that appellee take nothing by reason of her suit.

Reversed and rendered.