**Homer Joseph EGGEMEYER, Appellant,**

v.

**Virginia EGGEMEYER, Appellee.**

**No. 6277.**

Court of Appeals of Texas,
. Waco.

Oct. 8, 1981.

Rehearing Denied Nov. 5, 1981.

Marvin C. Hanz, Galen A. Moeller, San Angelo, for appellant.

Bradley C. Miles, San Angelo, for appellee.

## OPINION

JAMES, Justice.

This is a divorce case. Petitioner-Appellee Virginia Eggemeyer brought this suit for divorce against Respondent-Appellant Homer Joseph Eggemeyer, in which she sought custody of the children, a division of the property, and an order that Appellant make child support payments. Upon the former trial of this case, the trial court granted Virginia Eggemeyer a divorce from Homer Eggemeyer, named her managing conservator of their four minor children, ordered him to pay $100.00 per month per child as child suppor<sup></sup> (until each child reaches 18), awarded her all of the community interest (⅔rds) in the small family farm, (about 203 acres), and divested him of his undivided ⅓rd separate interest in said farm, transferring his title in same to Virginia Eggemeyer. In divesting title from Homer, the trial court created and imposed a lien against his said separate property in the amount of $10,000.00 which was ordered payable to Homer by Virginia on July 16,

1982, the date when the youngest child shall have reached the age of eighteen.

Respondent-Appellant Homer appealed the trial court's former judgment to the Austin Court of Civil Appeals, 535 S.W.2d 425, which court held that the trial court did not have the right or discretion to divest a spouse of such spouse's separate realty incident to the divorce. More specifically, the court of civil appeals reversed that part of the trial court's judgment divesting Homer of title to his separate interest in the farm and imposing the $10,000.00 lien in Homer's favor, and remanded that part of the case for further proceedings to determine whether or not Homer's separate interest in the farm should be set aside to be administered for the support of the minor children. In all other respects, the trial court's said former judgment was affirmed.

The Supreme Court of Texas, in 554 S.W.2d 137, affirmed the judgment of the court of civil appeals wherein the court of civil appeals reversed the trial court's divestiture of Homer's separate property and remanded the cause to the trial court to determine whether an interim arrangement for child support should be made.

Upon retrial of the case after remand, the trial court in its second judgment among other things awarded Virginia the ⅔rds undivided community interest in the farm and awarded Homer the ⅓rd undivided interest in the farm which was his separate property, in accordance with the instructions of our Supreme Court. The trial court further awarded Virginia a judgment against Homer for $15,800.00 for accrued and unpaid child support, plus $5,587.83 for reimbursement due her for land payments and taxes she had paid in behalf of Homer's undivided ⅓rd of the farm. Against these last-named amounts Homer was allowed a credit of $4,879.41 because of the possession of the entire farm by Virginia during the period of time since the separation of the parties, and also for Homer's part of the accrued oil and gas bonuses and delay rentals. Therefore, Virginia was awarded a judgment against Homer in the net amount of $16,508.42 (same being $15,800.00 back child support plus $5,587.83 land payments and taxes minus $4,879.41 credits), payment of which was due on or before December 31, 1979. The trial court created and imposed a lien on Homer's ⅓rd undivided separate interest in the farm to secure the payment of said $16,508.42 judgment. From this judgment Homer Eggemeyer appeals.

Appellant's first point of error asserts the trial court erred in that the judgment "provided for the divestiture of the constitutional homestead interest of Appellant Homer in his separate realty by imposing a lien foreclosure for an obligation outside of the three constitutionally permitted liens."

The first question that confronts us is whether or not Homer has a homestead interest in his undivided ⅓rd separate interest in the farm.

Homer Eggemeyer moved upon the farm in question in 1938 and began to farm it. In 1954 he married Virginia. They had six children born to this marriage, four of whom were under 18 years of age at the time of the first judgment dated May 22, 1975, and two of whom were under 18 at the time of the second judgment dated November 2, 1979, now appealed from. During their marriage, Homer and Virginia purchased a ⅔rds undivided interest in the farm from Homer's brother and sister. Homer owned the remaining undivided ⅓rd interest in the place by reason of a gift from his mother. The parties lived in a house on this farm and claimed such as their homestead.

In August 1973, Homer and Virginia separated, at which time Homer moved off the property. Virginia and the children continued to occupy the place as their residence. Virginia originally brought this suit for divorce on or about August 16, 1973. At the time of the separation, Homer left the farm and at the time of this second trial he was renting a house in San Angelo, Texas.

The record shows without dispute that at all times Homer has continued to claim his share of the farm as his homestead. He testified to this effect, and in addition thereto, the record contains two homestead declaration affidavits, the first being dated

June 18, 1975, and the second being dated November 9, 1979.

Article 16, Section 50 of the Texas Constitution as amended November 6, 1973, reads in its pertinent parts as follows:

"The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, _____." This section was amended in 1973 to include the single adult homestead.

Prior to the 1973 amendment of Article 16, Section 50, it had been held by our Supreme Court that a divorce decree destroyed or dissolved the homestead rights where, after the divorce the party claiming the homestead was not the head of a family, that is to say, had custody of children. *Tanton v. State National Bank of El Paso, Texas* (1935) 125 Tex. 16, 79 S.W.2d 833. However, with the 1973 amendment to Article 16, Section 50, providing for a single adult homestead, this rule necessarily became obsolete.

It seems to be well-settled that once a homestead has been shown to exist, as in the case at bar, there is a presumption that the homestead continues in the absence of evidence to the contrary. See *Burk Royalty Co. v. Riley* (Tex.1972) 475 S.W.2d 566; *Sullivan v. Barnett* (Tex.1971) 471 S.W.2d 39.

Where a homestead claimant moves from property which has been previously impressed with the homestead character, the question of whether such property constitutes a homestead is dependent primarily upon the intention of the claimant. *McMillan v. Warner* (Tex.1873) 38 Tex. 410, 411; *West v. Austin National Bank* (San Antonio Tex.Civ.App.1968) 427 S.W.2d 906, NRE.

In the case at bar, there is no question but that the farm in question (at least 200 acres of the 203 acre farm) was impressed with the homestead character at the time of the separation in August 1973, when Homer moved off the place. Then the evidence shows without dispute that Homer has stoutly claimed that the place is and has been his homestead at all times after August 1973. Under these facts, and bearing in mind the rules of law hereinabove stated, we are of the opinion and hold that Appellant Homer Eggemeyer has homestead rights in his ⅓rd undivided separate interest in the farm.

This being so, our next question is whether Homer's separate homestead property is exempt under Article 16, Section 50, from the imposition of a judicial lien in favor of Virginia Eggemeyer as created and imposed by the trial court.

The judgment in the amount of $16,508.42 which was awarded in favor of Virginia against Homer, and to secure which judgment a lien was imposed on Homer's ⅓rd separate homestead interest in the farm, is itemized as follows:

| | |
|---|---|
| (1) Back child support owed by Homer and unpaid | $15,800.00 |
| (2) Tax lien paid by Virginia | $ 387.00 |
| (3) Virginia paid a total of $9,080.00 principal and interest payments on the farm to the Federal Land Bank, and the amount of Homer's 1/3rd part amounts to (This was a first lien against the farm). | $ 3,026.83 |
| (4) Virginia paid a total of $4,748.00 principal and interest on the second lien against the farm, and Homer's 1/3rd amounts to | $ 1,582.67 |
| (5) Taxes for years 1975 through 1979 on farm paid by Virginia in total amount of $1,774.00, Homer's 1/3rd being | $ 591.33 |
| Total | $21,387.83 |
| Against this total, Homer was allowed credits for rental value of his part of the farm, plus certain oil and gas bonuses and delay rentals in the amount of | $ 4,879.41 |
| Net Judgment assessed against Homer secured by the lien on his 1/3rd separate homestead interest by the trial court | $16,508.42 |

Appellant Homer asserts the trial court erred in imposing the lien (to secure the above judgment) against his ⅓rd separate homestead interest in the farm because (he says) that it provides for a divestiture of his

constitutional homestead interest for obligations outside of the three constitutionally permitted liens. We sustain this contention insofar as the $15,800.00 back child support is concerned; however, we overrule this contention insofar as the $5,587.83 payments by Virginia of taxes and payments upon first and second liens for the benefit of Homer's separate property are concerned.

As a general rule, an ex-spouse's separate homestead property is not subject to a forced sale to satisfy an ordinary debt or judgment. See *Spence v. Spence* (Houston 14th Tex.Civ.App.1970) 455 S.W.2d 365, NRE; *Ealy v. Ealy* (Texarkana Tex.Civ. App.1981) 616 S.W.2d 420, no writ.

However, the law is equally well-settled that where community funds are used to pay the purchase price or to discharge encumbrances upon the separate property of one of the spouses, the community is entitled to reimbursement for those expenditures. *Colden v. Alexander* (Tex. 1943) 141 Tex. 134, 171 S.W.2d 328, 334. And upon dissolution of the marriage, a spouse is entitled to recover his or her share of community funds *actually spent* to purchase separate property belonging to the other spouse, if such recovery is deemed fair and just by the trial court. See *Day v. Day* (Tyler Tex.Civ.App.1980) 610 S.W.2d 195, NRE, and the cases cited therein on page 198. In order to secure the payment ordered by a judgment pursuant to this right to reimbursement, Texas courts have found it desirable to place an *equitable* lien on the separate property with the concomitant right to foreclose and sell such property if such judgment is not paid. *Dakan v. Dakan* (Tex.1935) 125 Tex. 305, 83 S.W.2d 620, 627; *Day v. Day,* supra. For cases where such liens to secure equitable rights of reimbursement have been imposed upon separate property of an ex-spouse holding homestead rights therein, see *Buchan v. Buchan* (Tyler Tex.Civ.App.1979) 592 S.W.2d 367, writ dismissed; *Brunell v. Brunell* (Dallas Tex.Civ.App.1973) 494 S.W.2d 621, no writ.

Our Texas State Constitution clearly states that no lien shall ever be valid on the homestead except for one of the three designated purposes, to wit, for purchase money, taxes, or improvements. It is clear to us that a lien to secure the payment of accrued child support does not fall within one of these three categories, and therefore the trial court erred in subjecting Homer's homestead interest to such an equitable lien.

We do find, however, that the equitable lien to secure reimbursement for the taxes and lien indebtedness paid by Virginia for Homer's benefit was proper. Where co-tenant Virginia (in the case at bar) pays off and discharges tax liens as well as indebtednesses which are secured by valid first and second liens against co-tenant Homer's ⅓rd undivided interest, she is entitled to be subrogated to the rights of the respective lienholders, to secure contribution from co-tenant Homer for his share. *Putty v. Putty* (Amarillo Tex.Civ.App.1928) 6 S.W.2d 136, no writ (involving payment of taxes); *Magruder v. Johnston* (Texarkana Tex.Civ. App.1921) 233 S.W. 665, writ refused (involving payment of lien indebtedness); and *Downing v. Jeffrey* (Galveston Tex.Civ. App.1943) 173 S.W.2d 241, ref. w. m. (involving payment of lien indebtedness).

For the reasons hereinabove set out, we hereby reform the trial court's judgment by reducing the lien imposed upon Homer's ⅓rd undivided separate homestead interest from $16,508.42 to the amount of $5,587.83, same being the money spent by Virginia for taxes and land payments for Homer's benefit. As reformed, we affirm the trial court's judgment. Please let us make it clear that this reduction in amount concerns only that secured by the lien. In other words, Virginia Eggemeyer still has her judgment against Homer Eggemeyer for the full amount of $16,508.42, but only $5,587.83 is secured by equitable lien against Homer Eggemeyer's undivided ⅓rd separate interest in the farm.

Appellant has other points and contentions, all of which have been carefully con-

sidered by us. All are overruled as being without merit.

REFORMED AND AFFIRMED.