**Robert J. WREN, Appellant,**

v.

**Jean WREN, Appellee.**

**No. 01–85–00286–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1985.

Rehearing Denied Dec. 19, 1985.

Walter R. Grimes (T. Turner Pope, of counsel), Houston, for appellant.

David M. Feldman, Kay M. Doyle, Gregg, Jones, Mieszkuc & Feldman, Houston, for appellee.

Before SAM BASS, WARREN and DUNN, JJ.

OPINION

SAM BASS, Justice.

This is an appeal from the sale and division of homestead proceeds pursuant to a divorce decree.

We affirm.

In January 1984, the trial court entered a decree of divorce that provided, inter alia, that the parties were to share equally in the proceeds from the sale of their homestead, known as the Coward Creek property. The court appointed a receiver to sell the property, and awarded, amongst other things, a money judgment of $60,000 to the appellant.

In June 1984, the receiver filed an application for sale of the property, which the court granted in July 1984. A contract for sale was executed in December 1984.

In December 1984, appellant filed a motion for clarification and enforcement of the judgment, requesting that his $60,000 award be deducted from appellee's share of the sale proceeds. Later in December 1984, a report of sale was filed and was confirmed by decree. The decree ordered disbursements, including fees for the master and receiver, out of the sale proceeds and expressly exempted the payment of the $60,000 judgment from affecting the sale.

In January 1985, the receiver rendered his final accounting and report, acknowledging payment of the master's and receiver's fees from the sale proceeds. Appellee then filed an answer to appellant's motion for clarification, alleging that the decree required an equal division of the sale proceeds. A hearing was held on the final accounting in late January 1985. No findings of fact and conclusions of law were entered.

The Texas Family Code requires the trial court to "order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party...." Tex. Fam.Code Ann. sec. 3.63 (Vernon Supp. 1985). The trial court is afforded wide latitude and discretion in dividing the com-

munity estate of the parties, and the exercise of this discretion will not be disturbed on appeal without a clear showing that the division arrived at is so unjust and unfair as to constitute an abuse of discretion. *Vallone v. Vallone,* 644 S.W.2d 455, 460 (Tex.1982); *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981).

Appellant, in his first point of error, claims the court erred by not awarding him the total proceeds from the sale of the property. Appellant insists that the $60,000 obligation was secured by the wife's one-half portion of the homestead proceeds because of the decree's language. The applicable part of the decree is as follows:

It is ORDERED and DECREED that JEAN WREN pay to ROBERT J. WREN SIXTY THOUSAND AND NO/100 Dollars ($60,000.00) with interest thereon from the date the Decree of Divorce is signed until paid at the rate of ten percent (10%) per annum, *said obligation not becoming due until the Coward Creek property described below is sold.*

JEAN WREN is hereby authorized to pay the monthly payments on such obligation for the months of October, November, and December, 1983, and January 1984, and, if such payments are made, she shall be given a credit as of the date of payment on the $60,000.00 obligation owed by her to ROBERT J. WREN as stated above. This Court hereby appoints Anthony Gunn as Receiver over the Coward Creek property, and, as Receiver, he is given no duties for one year from the date of the entry of this Decree of Divorce. Thereafter, the said Receiver is authorized to take charge of the Coward Creek property, to sell such property upon the best terms available (prior to sale to lease such property to anyone he desires, with the right of first refusal given to JEAN WREN), *the proceeds of such sale and lease, after payment of all costs incident to such sale and lease to be divided equally between JEAN WREN and ROBERT J. WREN.*

(Emphasis supplied.)

No language in the decree secures the $60,000 award in any way. The decree merely establishes a due date for the obligation, and provides that the proceeds of the sale be divided equally.

Appellant relies on the case of *Hanson v. Hanson,* 672 S.W.2d 274 (Tex.App.—Houston [14th Dist.] 1984, writ dism'd), which held that it was an abuse of discretion not to secure a money judgment granted to achieve an equitable division of a community estate. The court recognized, however, that a trial court's failure to provide security for such a judgment does not automatically constitute an abuse of discretion. *Id.* at 279; *Wisdom v. Wisdom,* 575 S.W.2d 124, 126 (Tex.Civ.App.—Fort Worth 1978, writ dism'd); *Goldberg v. Goldberg,* 392 S.W.2d 168, 172 (Tex.Civ.App.—Fort Worth 1965, no writ).

Alternatively, appellant contends he is entitled to the proceeds because an equitable vendor's lien attached to the proceeds, relying on *McGoodwin v. McGoodwin,* 671 S.W.2d 880 (Tex.1984). *McGoodwin* involved a property settlement agreement, later incorporated in the divorce decree, wherein the wife sold her community interest in the homestead to her husband. No lien was expressly provided for. The court found that because the purchase money was not paid at the time of the divorce decree, a vendor's lien arose in the wife's favor to secure payment of the purchase money against the undivided one-half interest she had sold. The equitable lien in *McGoodwin* attached because a vendor's lien is a lien for purchase money.

It is clear that homestead property is exempt from a money judgment in a divorce decree. *Ealy v. Ealy,* 616 S.W.2d 420 (Tex.Civ.App.—Texarkana 1981, writ dism'd); *Spence v. Spence,* 455 S.W.2d 365 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). A lien may be placed, however, upon a spouse's homestead to secure the payment of the amount awarded to the other spouse *for that spouse's homestead interest. Wierzchula v. Wierzchula,* 623 S.W.2d 730, 732 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ);

*Brunell v. Brunell,* 494 S.W.2d 621 (Tex. Civ.App.—Dallas 1973, no writ).

 Here, the $60,000 obligation was a money judgment and not compensation for a homestead interest. A money judgment may be awarded to one spouse against the other in order to achieve an equitable division of the community estate. *Murff,* 615 S.W.2d at 699; *Goren v. Goren,* 531 S.W.2d 897, 900 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd). We find no abuse of discretion and overrule appellant's first point of error.

Appellant alleges in his second and third points of error that the court erred in awarding the master's and receiver's fees out of the sale proceeds, and by ordering full payment prior to a final accounting.

The record reflects that in December 1984, the court ordered payment of fees to the master and receiver from the sale proceeds, and payment was acknowledged by the receiver in his report of January 1985. At no time did the appellant object to the decree confirming the sale or to the receiver's accounting and report. Neither did appellant argue during the final hearing that the master and receiver were not entitled to their fees as petitioned and ordered paid.

The husband may not assign as error matters that he did not complain of in the court below, and therefore, these matters are not now before this court. *See Greater Fort Worth and Tarrant County Community Action Agency v. Mims,* 627 S.W.2d 149, 151 (Tex.1982); *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559, 560 (Tex.1981). Appellant's second and third points of error are overruled.

Appellant alleges in his fourth point of error that the court erred in awarding appellee additional monies from the sale proceeds at the receiver's final accounting.

 The monies complained of totaled $2,891.54 for repairs and expenses necessitated by the sale of the homestead. The final awards to appellant and appellee, after all costs and disbursements were satisfied, amounted to $39,386.16 to each party.

The receiver's request for reimbursement of the December mortgage payment of $2,106 was justified in that a contract of sale was accepted in December 1984, and the appellee was obliged to vacate four days later. The additional $785.51 was ordered paid out of the receiver's account because appellee had incurred maintenance expenses as per the receiver's recommendation because the receiver lacked the necessary funds. We find no abuse of discretion on these facts. Appellant's fourth point of error is overruled.

The judgment is affirmed.