Charlotte Pemelton HEGGEN,
Petitioner,

v.

Billy Gene PEMELTON, Respondent.

No. D–1288.

Supreme Court of Texas.

June 24, 1992.

Judgment Modified Sept. 9, 1992.

Lisa Powell, McAllen, Barbara Kazan, Austin, for petitioner.

Lanette Smith Joubert, William A. Dudley, Corpus Christi, for respondent.

## OPINION

GONZALEZ, Justice.

The primary issue in this case is whether the trial court properly impressed an equitable lien on the petitioner's separate property homestead to secure the just and right division of the marital estate. The court of appeals affirmed the trial court's judgment. 809 S.W.2d 642. We hold that a judgment awarded to one spouse cannot be secured by a lien on the other spouse's separate property homestead unless the amount covers reimbursement for improvements made by the community to the separate property. Thus, we reverse and remand this cause to the trial court for further proceedings consistent with this opinion.

## I.

Charlotte Heggen and Billy Gene Pemelton were married in 1960. In 1965, they settled on a 32–acre ranch owned by Ms.

Heggen's parents, who later deeded the tract as a gift to Ms. Heggen in 1969. In 1976, Ms. Heggen's parents deeded her another 127 acres, receiving in exchange a promissory note; her parents subsequently forgave the payments on this note. The Pemeltons operated a horse farm and ranch on these properties until the mid-1980s, when circumstances forced them into bankruptcy.

Ms. Heggen filed for divorce in January 1988, alleging that discord and incompatibility rendered the marriage insupportable. Mr. Pemelton counterclaimed, alleging, among other things, cruelty, mental anguish, and physical harm. After a jury trial, the trial court granted judgment for Mr. Pemelton. As part of the division of property, the court awarded Ms. Heggen the 32–acre separate property homestead as well as Mr. Pemelton's right of reimbursement for any homestead improvements made with community funds.

The court also ordered Ms. Heggen to pay $150,000 to Mr. Pemelton for his community interest in the homestead and imposed an equitable lien on the homestead in order to enforce the court's judgment. The court granted this money judgment to Mr. Pemelton to ensure a just and right division of the marital estate.[1]

## II.

■ When dividing marital property on divorce, trial courts may impose equitable liens on one spouse's *separate real property* to secure the other spouse's right of reimbursement for community improvements to that property. *See, e.g., Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620, 627 (1935); *Smith v. Smith*, 715 S.W.2d 154, 160 (Tex.App.—Texarkana 1986, no writ); *Eggemeyer v. Eggemeyer*, 623 S.W.2d 462, 466 (Tex.App.—Waco 1981, writ dism'd) *on remand from*, 554 S.W.2d 137 (Tex.1977). Although courts may impress equitable liens on separate real property to secure reimbursement rights, they may not impress such liens, absent any compensable reimbursement interest, simply to ensure a just and right division. *Compare Mullins v. Mullins*, 785 S.W.2d 5, 11 (Tex.App.— Fort Worth 1990, no writ) *and Smith*, 715 S.W.2d at 157 *with Eggemeyer*, 554 S.W.2d at 141 *and Johnson v. Johnson*, 804 S.W.2d 296, 299–300 (Tex.App.—Houston [1st Dist.] 1991, no writ). In the case before us, the trial court granted Mr. Pemelton an equitable lien on separate real property to secure a judgment imposed by the court simply to ensure a just and right division. Thus, the trial court erred because it allowed this lien against Ms. Heggen's separate real property for reasons other than to secure Mr. Pemelton's reimbursement interest.

## III.

The Texas Constitution specifically protects homesteads from forced sale except to satisfy liens securing purchase money, tax, or home improvement debts. *See* Tex. Const. art. XVI, § 50; *see also* Tex.Prop.

---

1. The trial court's judgment concerning the lien read as follows:

   *Judgment and Lien to Equalize Division.* For the purpose of a just and right division of property made in this decree, IT IS FURTHER ORDERED AND DECREED that Respondent, BILLY GENE PEMELTON, recover of and from Petitioner, CHARLOTTE PEMELTON, judgment for $*150,000.00,* payable six months after the entry of this decree, together with judgment interest thereon at the rate of 10% per annum, compounded annually, for which let execution issue.

   This judgment is part of the division of community property between the parties and is given as Respondent's interest in the homestead of the parties and shall not constitute or be interpreted to be any form of spousal support, alimony, or child support.

   For the purpose of securing this judgment awarded to Respondent BILLY GENE PEMELTON, for $*150,000.00,* IT IS FURTHER ORDERED AND DECREED that Respondent BILLY GENE PEMELTON is granted an equitable lien against the real property described as 32 acres of land, more or less, together with improvements thereon....

   In its property award to Ms. Heggen, the court provided that she should receive:

   Any and all reimbursement due the community estate from the separate estate of Charlotte Pemelton for improvements to the separate real property of Charlotte Pemelton through the use of community funds, time, toil and talent, such reimbursement being found by the jury to have enhanced the value of Charlotte Pemelton's separate real property by $301,500.00.

CODE § 41.002; *see, e.g., Laster v. First Huntsville Properties Co.*, 826 S.W.2d 125 (Tex.1991); *Eggemeyer v. Eggemeyer*, 623 S.W.2d 462, 466 (Tex.Civ.App.—Waco 1981, writ dism'd)(invalidating equitable lien on husband's homestead interest), *on remand from*, 554 S.W.2d 137 (Tex.1977); *Spence v. Spence*, 455 S.W.2d 365, 369 (Tex.Civ. App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.)(homestead not subject to forced sale to satisfy debts).[2]

In *Eggemeyer*, the trial court permitted an equitable lien on the husband's one-third interest in the spouses' homestead, which was then occupied by his ex-wife, to secure the payment of accrued child support, taxes, and homestead improvements. The court of appeals reformed the lien, upholding it as to the tax and improvement debts, but eliminating the security for the overdue child support payments. The court held that article XVI, section 50 of the Texas Constitution, though permitting liens on homesteads for unpaid taxes and home improvements, does not allow liens to secure other debts such as delinquent child support payments. *Id.* at 466–67; *see also Smith v. Smith*, 187 S.W.2d 116, 121 (Tex. App.—Fort Worth 1945, no writ).

In its opinion upholding the trial court's judgment, the court of appeals purported to follow several earlier appellate court decisions that had approved of imposing equitable liens on homesteads to secure *rights of reimbursement.* 809 S.W.2d at 648–49; *see, e.g., Wierzchula v. Wierzchula*, 623 S.W.2d 730, 732 (Tex.Civ.App.—[1st Dist.] 1981, no writ); *Buchan v. Buchan*, 592 S.W.2d 367, 371 (Tex.Civ.App.—Tyler

1979, writ dism'd); *Brunell v. Brunell*, 494 S.W.2d 621, 623 (Tex.Civ.App.—Dallas 1973, no writ); *see also Wren v. Wren*, 702 S.W.2d 250, 252 (Tex.App.—Houston [1st Dist.] 1985, writ dism'd). These cases, however, either approve in dicta of imposing liens on homesteads without actually doing so, or they involve pre-existing valid liens of the type which pass constitutional muster, i.e., liens securing purchase money interests, taxes, or improvements. *See, e.g., Wierzchula*, 623 S.W.2d at 732–33 (approved of equitable liens securing homestead interests but failed to impress one); *Brunell*, 494 S.W.2d at 623–24 (court partially reformed equitable lien on homestead already burdened by purchase money lien); *Wren*, 702 S.W.2d at 252 (approved in dicta of homestead liens but did not impose one).

Of particular import to the case before us, the court in *Kamel v. Kamel*, 760 S.W.2d 677, 679 (Tex.App.—Tyler 1988, writ denied), permitted an equitable lien on a homestead, because the spouses had jointly executed, acknowledged, and recorded home improvement liens against the homestead. *Kamel*, 760 S.W.2d at 678. Thus, if the trial court finds on remand that Mr. Pemelton's reimbursement claim satisfies these strictures—that is, "[t]he homestead of a family or a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in

---

2. The Texas Constitution provides foreclosure protection for homesteads in article 16, section 50 which says that:

> The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for *the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of both spouses,* in the case of a family homestead, given in the same manner as is required in making a sale and conveyance of the homestead; nor may the owner or claim-

> ant of the property claimed as homestead, if married, sell or abandon the homestead without the consent of the other spouse, given in such manner as may be prescribed by law. No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the owner alone, or together with his or her spouse, in case the owner is married. All pretended sales of the homestead involving any condition of defeasance shall be void.

(emphasis added).

writing, with the consent of both spouses ...," then the court could impress an equitable lien on the separate property homestead to secure the husband's right of reimbursement. *See* TEX. CONST. art. 16, § 50 (1992).

Finally, the court of appeals erred in its constitutional analysis of the trial court's judgment by confusing the "right of reimbursement" with the "homestead interest." This confusion probably was engendered by the trial court's problematic judgment which transferred Mr. Pemelton's reimbursement right in one breath and then awarded him an amount equal to that right in the next. The right of reimbursement is an economic interest possessed by a spouse who has contributed to the improvement of property awarded to the other spouse. The homestead interest is a legal interest created by the constitution that provides prophylactic protection from all but the three types of constitutionally permitted liens against homesteads. This interest, unlike the right of reimbursement, gives protective legal security rather than vested economic rights.

### IV.

The lien imposed on Ms. Heggen's separate property homestead was invalid for two reasons. First, it burdened her separate real property for reasons other than to secure Mr. Pemelton's reimbursement interest; that is, the trial court impermissibly imposed it to secure a just and right division. And second, it imposed a lien on Ms. Heggen's homestead that, based on the record, did not fit into any of the categories allowed by the Texas Constitution; that is, it was not a tax lien, it was not a purchase money lien, nor was it an improvement lien for which the "work and material [had been] contracted for in writing, with the consent of both spouses." TEX.CONST. art. XVI, § 50

Permitting Mr. Pemelton to enforce his judgment lien could lead to the foreclosure of Ms. Heggen's homestead, a result contrary to the protections plainly afforded homesteads by our constitution. This result also would divest Ms. Heggen of her separate real property without sufficient legal basis. *See Eggemeyer*, 554 S.W.2d at 142 (divesting spouse of title to separate real property not within trial court's discretion); *see also Laster*, 826 S.W.2d at 129. For the reasons outlined above, we reverse the judgment of the court of appeals and remand this cause to the trial court for a division of the marital property consistent with this opinion.

CORNYN, J., concurs joined by COOK, J.

CORNYN, Justice, concurring.

I agree with the court that "a judgment awarded to one spouse cannot be secured by a lien on the other spouse's separate property" when the lien is to secure a "just and right" division under TEX.FAM.CODE § 3.63.[1] However, I am concerned that the court also chooses to write on the invalidity of the equitable lien on the basis of the homestead character of Mrs. Heggen's separate property; it is in the course of unnecessarily writing on the homestead character of Mrs. Heggen's property that the court injects uncertainty into the authority of a trial court to impose equitable liens to secure a just and right division of the community estate upon divorce. Because of this concern, I concur only in the court's judgment.

While the court's opinion does not expressly hold that the trial court has no authority to impress equitable liens to secure a division of the community estate on divorce, the court's language does appear to limit the types of liens on homestead to only those specified in TEX.CONST. art. XVI, § 50 (purchase money, tax and improvement liens). If the court intends its expansive holding to be taken as literally true, however, it fails to consider a trial judge's authority to partition and order sold the

---

1. The court implicitly overrules *Barber v. Barber* where the Fort Worth Court of Appeals found that equitable liens used to secure a right of reimbursement for improvements were unconstitutional, citing TEX.CONST. art. XVI, § 50. 223 S.W. 866, 867 (Tex.Civ.App.—Fort Worth 1920, writ dism'd).

community property residence upon divorce. This power cannot be reconciled with the court's opinion unless, of course, the homestead rights of the spouses are modified or extinguished by operation of law in a manner not specifically addressed by the Texas Constitution, or the court's opinion. By failing to analyze the effect of divorce on the homestead rights of the former spouses, the court's opinion potentially adds unnecessary confusion to this important area of our law.

A more complete delineation of the interplay of the homestead right and its alteration upon divorce must wait for another day. But I have the following concerns that the court does not purport to address and which, I believe, will eventually result in a recantation of a substantial portion of the court's opinion in a future case.

We have long recognized the power of the trial court upon divorce to order a community property residence, claimed by the spouses as their homestead, sold and the proceeds partitioned between the spouses in effecting a just and right division of the community estate, notwithstanding the constitutional prohibition against the forced sale of a homestead. *Kirkwood v. Domnan*, 80 Tex. 645, 648, 16 S.W. 428, 429 (1891). We have also acknowledged the power of the trial court upon divorce to award the use of the family's former house to the spouse who is awarded custody of the minor children, even where title to the property is held by the other spouse. *Hedtke v. Hedtke*, 112 Tex. 404, 410–411, 248 S.W. 21, 23 (1923) (awarding use of residence for the natural life of former wife); *see* TEX.FAM.CODE § 3.63.

Recently, we also affirmed the trial court's power to conditionally partition a community property house impressed with a homestead claim in *Laster v. First Huntsville Properties Co.*, 826 S.W.2d 125 (Tex.1991). In *Laster*, the trial court granted the former husband a 26.17 percent interest in the community estate and granted the former wife the remaining interest including possession of the family house until one of the following conditions

specified by the decree occurred: (1) the minor children of the marriage reached majority or were no longer in school; (2) such time as she ceased to maintain mortgage payments or the property; or (3) she vacated the property for more than three years. Upon the occurrence of any one of these conditions the house was to be sold and partitioned in accordance with the decree.

After Mr. Laster defaulted on a promissory note he had executed in favor of First Huntsville Property Company *and* after the youngest child of the marriage had turned eighteen years of age, the mortgagor sought to foreclose on that interest in the house granted to Mr. Laster in the divorce decree, which Mr. Laster had given as security for the note. The former Mrs. Laster resisted the sale, claiming homestead rights in the entire property and that, as a result, the mortgage was void and thus the house protected from forced sale.

In rejecting Mrs. Laster's contentions that her homestead claim protected the entire property from forced sale, we held that a homestead right cannot arise absent a present possessory interest in the house. Thus, a former spouse not in possession has no homestead rights in the property. As a result, Mr. Laster was free to mortgage his future interest in the house and the lien securing First Huntsville's mortgage was not rendered invalid by the former spouse's homestead claim.

More to the point here, we also decided in *Laster* that the mortgage was valid notwithstanding the property's homestead character before divorce, or the former spouse's homestead claim in the entire property after divorce. Thus, we determined that the former wife's homestead right did not reach the entire property, but only her proportional interest. Presumably, had Mr. Laster sought to force a sale based on an equitable lien in his proportional interest, he could have done so once he had shown that his former wife no longer had a right to present possession of the house under the divorce decree.

I submit that a homestead right, whatever its parameters under these circumstances, necessarily yields to the trial

court's power to conditionally partition community property on divorce. This is true even though the homestead claim of a former spouse in possession would defeat the unsecured claims of third party creditors. I would conclude, then, that the trial court has the power to impose an equitable lien on the interest awarded to the spouse in possession to secure a just and right division of the spouses' community estate. While the court does not specifically hold otherwise, a reader might reasonably conclude that an equitable lien is prohibited because such a lien is not one of those specifically mentioned in the Texas Constitution.

In sum, what renders the court's opinion problematic is that it does not account for the nature of the homestead right and what happens to that right on divorce. Part of any analysis of the impact of divorce on the homestead right needs to consider the 1973 amendment to article XVI, section 50, of the Texas Constitution, which created a homestead right for single adults. Additionally, such analysis should explore how or in whom the homestead right vests since the 1973 amendment, or the consequences, if any, of a conversion of a "family" homestead into an "individual" homestead. *See* Tex.Const. art. XVI, § 50.

We have previously held that the Texas homestead right constitutes an estate in land that protects constituent members of a family remaining in the home after divorce. *Woods v. Alvarado State Bank,* 118 Tex. 586, 590–94, 19 S.W.2d 35, 35–37 (1929). But as we have seen, the homestead right extends only to the proportional interest of a former spouse with a present right of possession. *Laster,* 826 S.W.2d at 129. What is missing from the calculus is some as yet unexplained power of the trial court to limit or indeed, eliminate, a former spouse's homestead right upon divorce.[2] None of the cases that have addressed the impact of a divorce on homestead rights have considered this issue or whether the 1973 grant of single adult homestead rights would modify the prior treatment of this subject by this and other Texas courts. *See, e.g., U.S. v. Rodgers,* 461 U.S. 677, 685 n. 10, 103 S.Ct. 2132, 2138 n. 10, 76 L.Ed.2d 236 (1983) (homestead character of property is not destroyed by divorce if one of the parties to the divorce continues to maintain the property as a homestead); *Burk Royalty Co. v. Riley,* 475 S.W.2d 566, 568 (Tex. 1972) (a homestead right is presumed to continue following divorce if the existence of the homestead is initially proved by the claimant); *Eggemeyer v. Eggemeyer,* 623 S.W.2d 462, 465 (Tex.Civ.App.1981, writ dism'd), *on remand from,* 554 S.W.2d 137 (Tex.1977) (presumption exists that the homestead continues in the absence of evidence to the contrary; claimant intended the homestead to continue, notwithstanding divorce); *Day v. Day,* 610 S.W.2d 195, 198 (Tex.App.—Tyler 1980, writ ref'd n.r.e.) (citing *Burk Royalty,* 475 S.W.2d 566 (Tex. 1972)) (former husband's designation of continued homestead after divorce did not defeat W's equitable lien claim because "absent proof of its existence, a homestead cannot be presumed to stand after divorce."); *Wierzchula v. Wierzchula,* 623 S.W.2d 730, 732 (Tex.App.—Houston [1st Dist.] 1981, no writ) (homestead character of property is not destroyed by divorce if one of the parties to the divorce continues to maintain the property as a homestead).

2. Does the trial court have the power to "extend" family homestead rights in a former spouse by awarding minor children and homestead possession, while terminating the other former spouse's homestead rights? This is not the type of relinquishment contemplated under the constitution; constitutional homestead rights are only abdicated on death or abandonment. *See* Tex.Const. art. XVI, § 52. If the family homestead is "extended" in the former spouse in possession and relates back to the time of creation, *see Renaldo v. Bank of San Antonio,* 630 S.W.2d 638, 639 (Tex.1982), what impact does the trial court's division of the community property have on the non-possessory spouse's homestead right? Since the creation of single adult homestead rights, does the family homestead terminate on divorce and become transmuted into the single adult homestead? Under *Laster,* the trial court's power to award or deny possession appears to vest the court with the power to determine who can claim a homestead right. Thus, the trial court could potentially award a former spouse the use of the other spouse's separate property, such that the non-possessory spouse's interest would be denied the benefit of homestead protection and thus be subject to creditor's liens.

I do not propose that the court necessarily answer each of the questions raised by this concurrence. I do, however, want to demonstrate the danger of overbreadth in the court's writing.

For the foregoing reasons, I concur only in the court's judgment.

COOK, J., joins in this concurring opinion.