**Morton N. GOLDBERG, Appellant,**

**v.**

**Mary Margaret GOLDBERG, Appellee.**

**No. 16899.**

Court of Civil Appeals of Texas.

Fort Worth.

March 15, 1968.

Crumley, Rouer, Murphy & Shrull, and Franklin Moore, Fort Worth, Tex., for appellant.

Stone, Tilley, Parker, Snakard, Law & Brown, and Robert M. Randolph, Fort Worth, Tex., for appellee.

## OPINION

LANGDON, Justice.

This is a suit in equity initiated by a former wife against her divorced husband to declare and foreclose an implied vendor's lien on realty to enforce collection of a money judgment awarded to her in the divorce decree in lieu of her one-half community interest in said realty. The case was tried to the same court in which the divorce judgment was rendered. The appellee and appellant will be hereinafter referred to as plaintiff and defendant, respectively, as in the trial court.

On August 12, 1964, the plaintiff was granted a divorce against the defendant in Cause No. 32692–F, 48th District Court, Tarrant County, Texas. The divorce judgment made a complete and final partition of all property, real and personal, owned by the parties. Under the judgment the improved realty here in question was awarded to the defendant. The judgment recited that the plaintiff's interest in such realty (homestead) was $3,870.24 and she was awarded a money judgment in such amount. The trial court, although it was urged to do so, refused to impress the real property in question with an equitable lien to secure payment of the said money judgment although at that time it had the authority to do so. The action of the trial court in dividing the property as it did and its refusal or failure to impress the lien was affirmed

by this court. Goldberg v. Goldberg, 392 S.W.2d 168 (Fort Worth Tex.Civ.App., 1965, no writ hist.).

In this case, in equity involving the same parties, the court was again called upon to impress the realty in question with an equitable vendor's lien to secure the plaintiff's money judgment in the amount of $3,870.24.

The plaintiff, citing 28 Tex.Jur.2d "Homesteads," Sec. 163, p. 582, advanced the theory that the judgment of divorce created a judgment debt in exchange for defendant's acquisition of her "right, title or interest" in the house and that such a debt clearly falls within the definition of a debt for purchase money and the lien thereby created is superior to any homestead right. Stated another way the plaintiff's theory is that an equitable implied vendor's lien for purchase money was created by operation of law at the time the divorce judgment was rendered because the court awarded her interest in the realty in question to the defendant and awarded the money judgment to her to compensate for her interest.

It is undisputed that the defendant remarried soon after the divorce action and that the property in question was his homestead at all times material to the instant case.

The trial court rendered judgment for the plaintiff and affixed an express equitable vendor's lien against the defendant's homestead (in nature of a vendor's lien for purchase money) in the amount of $3,870.24 and ordered the same foreclosed and sold as an execution.

In the trial court the defendant plead res judicata contending that the judgment rendered in the previous divorce suit between the parties to this suit was based upon the same claim or demand as is here involved.

The defendant further contends that the lien is invalid under the Constitution which does not contain any provision for the sale of a homestead to satisfy a money judgment. (Vernon's Annotated Tex.Const., Art. 16, Sect. 50.)

The appeal is based upon the same grounds.

We reverse and render.

In our opinion the same subject matter now before this court was litigated in the 1964 divorce action between the same parties and therefore the points relating to the establishment of a lien are now res judicata between the parties and constitute a bar to the present action.

"Res judicata is the doctrine that an existing final judgment or decree, rendered on the merits, without fraud or collusion, by a court of competent jurisdiction on a matter within its jurisdiction, is conclusive of the rights of the parties or their privies in all other actions or suits in the same court, or in any other judicial tribunal of concurrent jurisdiction, on points and matters in issue in the first suit. 4 Tex.Jur.2d Appeal and Error § 1009n; 34 Tex.Jur.2d Judgments § 450." 64 Tex.Jur.2d 787, "Words and Phrases." Stephenson v. Miller Link Lumber Co., 277 S.W. 1039, 1040 (Tex. Com.App., 1925); White v. White, 380 S.W.2d 672, 678 (Tyler Tex.Civ.App., 1964, ref. n. r. e.). See annotations: 49 A.L.R.2d 1038; 54 A.L.R.2d 477; 77 A.L.R.2d 1414; 83 A.L.R.2d 980.

In view of the fact that we are of the opinion and hold that the judgment in the previous divorce action is conclusive of the matters involved in the instant suit we see no necessity for additional discussion.

That portion of the judgment of the trial court affixing an equitable vendor's lien against defendant's homestead is reversed and judgment here rendered that said lien be dissolved and held for naught.

Reversed and rendered.