**James L. McGOODWIN & James R. McGoodwin, Appellants,**

v.

**Patsy R. McGOODWIN, Appellee.**

**No. 2–82–148–CV.**

Court of Appeals of Texas, Fort Worth.

July 7, 1983.

Rehearing Denied Aug. 18, 1983.

George G. Barber, Arlington, for appellants.

Danny D. Burns, Fort Worth, for appellee.

Before HUGHES, JORDAN and BURDOCK, JJ.

OPINION ON REHEARING

HUGHES, Justice.

James L. McGoodwin and his son, James R. McGoodwin, have appealed the judgment of the trial court finding an equitable vendor's lien in Patsy R. McGoodwin against the realty claimed as a homestead by the senior McGoodwin and deeded by him to the junior McGoodwin. The trial court also de-

creed foreclosure of such lien against such realty.

In our original decision we reversed and rendered, but, having reconsidered the case, we now withdraw our original opinion and judgment dated March 12, 1983 and affirm the judgment of the trial court. In so doing, we grant appellee's motion for rehearing.

On the 21st day of March, 1980, Judge Larry B. Sullivan signed a divorce judgment in In the Matter of the Marriage of Patsy R. McGoodwin and James L. McGoodwin. The judgment reflects that:

The cause was heard on February 8, 1980. Trial was to the court.

The parties agreed to a division of their estate.

A list of Patsy McGoodwin's property awards.

A list of James L. McGoodwin's awards (which included the 22 acres of land here in controversy). The award recited: "Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title, and interest in and to such property: ..."

Item 1 of Mr. McGoodwin's award was the realty here involved. Also, were listed four other numbered items of personal effects.

A list of debts and obligations assumed by Mrs. McGoodwin.

A list of debts and obligations assumed by Mr. McGoodwin.

A separate paragraph reciting:

"IT IS ORDERED and DECREED that Respondent shall pay Petitioner the sum of $22,500.00 as consideration for the conveyance of Petitioner's ½ interest in the real property herein described to Respondent. Such sum shall be paid on or before March 8, 1980."

The next paragraph recites:

"IT IS ORDERED and DECREED that Petitioner and Respondent shall execute all instruments necessary to effect this decree."

Below Judge Sullivan's signature:

"AGREED BY:" (With signatures appended)

Patsy R. McGoodwin   James L. McGoodwin
Date 3/10/80         Date 2–26–80

Mr. McGoodwin senior at the divorce hearing "agreed to the property settlement figure of paying her twenty-two thousand, five hundred dollars in cash for her one-half of the community interest both in the personal and real property that you-all own, ..." He also testified in the present case to not having paid Mrs. McGoodwin the $22,500.00 by March 8th nor, for that matter, any amount of money by the date of the trial.

The 22 acres were deeded jointly to James L. McGoodwin and Patsy R. McGoodwin during their marriage. Mrs. McGoodwin filed this suit to force the sale of the realty.

Patsy McGoodwin claims that, under this judgment, she has an equitable lien on the realty superior to the homestead right claimed by McGoodwin senior at his later remarriage. McGoodwin senior says "not so" in his points of error one, four and five.

In our original opinion we stated our inability to find a significant factual distinction in the present case and the *Goldberg* and *Spence* cases. *Goldberg v. Goldberg,* 425 S.W.2d 830 (Tex.Civ.App.—Fort Worth 1968, no writ); *Spence v. Spence,* 455 S.W.2d 365 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.). In considering the motion for rehearing of Mrs. McGoodwin we have arrived at the conclusion that there is a unique feature of this case not found in *Goldberg* or *Spence* that compels us to find an equitable lien in this case.

The divorce decree orders that Mr. McGoodwin:

1. *Shall* pay Mrs. McGoodwin $22,500.00 as consideration for *the conveyance* of her one-half interest in the real property;

2. *Shall* pay it on or before March 8, 1980; and

3. *Shall* execute all instruments necessary to effect this decree.

*Shall* Mr. McGoodwin be allowed to thumb his nose (in effect) at the order of

the trial court by ignoring the three "shalls" enunciated in the divorce decree with a quick marriage and the attendant homestead claim calculated to defeat the attempted to be asserted purchase money lien?

We hold the lien to be inferred from the language of the decree. For what other reason would the trial court order *both* parties to execute *all* instruments necessary *to* effect its decree? Certainly a deed from Mrs. McGoodwin is required and inferred. Since the court did not specify how Mr. McGoodwin would finance the transaction (and a majority of land purchases involve credit deals) it must be inferred that execution of a deed of trust was in the ambit of "all instruments necessary". Such an instrument is certainly calculated to effect a purchase money lien. If this were not the case, finance institutions would be in a bad way in this country.

Equity decrees that which should be done ought to be done in order to mitigate the harsh rigidity of the law. This would dictate that a lien be recognized in a proper case (such as this) over the harsh rigidity of the homestead provision. Should Mr. McGoodwin be rewarded for disobeying the edict of the court? We hold that he should not and in so doing we overrule all five points of error.

We affirm.