James L. McGOODWIN et al., Petitioners,

v.

Patsy R. McGOODWIN, Respondent.

No. C–2464.

Supreme Court of Texas.

June 20, 1984.

Rehearing Denied July 18, 1984.

George G. Barber, Arlington, for petitioners.

Danny D. Burns, Fort Worth, for respondent.

ON MOTION FOR REHEARING

BARROW, Justice.

Our opinion and judgment delivered on March 4, 1984 are withdrawn, and the following is substituted.

This is a suit to enforce a lien. Patsy McGoodwin sued her former husband, James L. McGoodwin, and his son, James R. McGoodwin, seeking to force the sale of a certain tract of land. After a bench trial, the trial court decreed that the property be sold to satisfy Patsy's claim. The court of appeals affirmed. 656 S.W.2d 202 (1983). We modify those judgments, and as modified we affirm.

James and Patsy acquired the twenty-two acres of land now in question during their marriage. They moved onto the property, and James has lived there ever since. James and Patsy were divorced, and by its divorce decree the court approved a property settlement agreement reached by the parties and divided their property according to that agreement. The agreement awarded James the twenty-two acres of land as his separate property. In return, James agreed to pay Patsy "$22,500 as consideration for the conveyance of [Patsy's] ½ interest" in the land. Patsy agreed to convey her interest upon payment of the consideration by James. James has not paid this consideration, but asserts full ownership. After the divorce, James conveyed a remainder interest in the land to his son as a gift and reserved a life estate to himself.

Patsy brought this suit to subject the land to forced sale to satisfy her claim for the unpaid consideration. Patsy claims that a vendor's lien in her favor is implied by the property settlement agreement between her and James. The trial court agreed and ordered the vendor's lien foreclosed and the property sold. In addition, the court held the deed from James to his son void. This latter holding is not attacked before this court. James insists, however, that no vendor's lien arose from the property settlement agreement. Since the land in question is his homestead, James contends, it is exempt from forced sale to satisfy his debt to her.

■ The issue to be decided is a narrow one. Does a divorce decree that approves a property settlement agreement by which the husband agrees to pay a sum of money as consideration for the wife's interest in a particular piece of real estate imply a vendor's lien in favor of the wife? The significance of this issue is clear. A vendor's lien is a lien for purchase money. If Patsy holds such a lien, she is entitled to enforce it through foreclosure notwithstanding James's homestead claim. Tex. Const. art. XVI, § 50.

■ James contends that Patsy is barred by the doctrine of res judicata from litigating this issue. We disagree. This case does not involve the doctrine of res judicata. Patsy does not, by the instant suit, seek to create a lien the creation of which could have been litigated in the divorce suit. Rather, she seeks to enforce a ven-

dor's lien that she contends arose when the divorce decree was rendered. She has not, nor could she have, litigated this cause of action in a previous suit. *Cf. DeBord v. Muller,* 446 S.W.2d 299 (Tex.1969); *Goldberg v. Goldberg,* 425 S.W.2d 830 (Tex.Civ. App.—Fort Worth 1968, no writ).

 Correct resolution of the question presented requires first an understanding of the effect given a marital property settlement agreement by Texas law. Such an agreement, though incorporated into a final divorce decree, is treated as a contract, and its legal force and its meaning are governed by the law of contracts, not by the law of judgments. *Francis v. Francis,* 412 S.W.2d 29, 33 (Tex.1967); *Ex parte Jones,* 163 Tex. 513, 358 S.W.2d 370, 375 (1962); *Martinez v. Guajardo,* 464 S.W.2d 944, 946–47 (Tex.Civ.App.—San Antonio 1971, no writ). The property settlement provision now considered is one that directs the payment of money as consideration for the conveyance of an interest in real estate. Its construction, therefore, is dictated by the law regarding contracts for the sale of land.

 Established Texas law holds that when no express lien is reserved in a deed and the purchase money is not paid, a lien nevertheless arises by implication in favor of the vendor to secure payment of the purchase money. That vendor's lien may be enforced in a suit brought for that purpose. *White, Smith & Baldwin v. Downs,* 40 Tex. 225, 226, 231–32 (1874); *Briscoe v. Bronaugh,* 1 Tex. 326, 329–30 (1846); *Delley v. Unknown Stockholders of the Brotherly and Sisterly Club of Christ, Inc.,* 509 S.W.2d 709, 714 (Tex.Civ.App.— Tyler 1974, writ ref'd n.r.e.). In the seminal Texas case on this point, this court explained:

"There is," it has been said, "a *natural equity* that the land should stand charged with so much of the purchase money as was not paid, and that without any special agreement for that purpose." Vern. 267; 4 Kent, 152. It is founded upon an implied trust between the vendor and purchaser. The latter is regarded as the trustee of his vendor, receiving the contract or conveyance, to hold it for the use of the vendor until the purchase money is paid.... This equitable mortgage exists in every case of sale where the money is not paid, unless it be otherwise agreed by the parties either expressly or by acts showing that the lien was not intended to be retained.... *Prima facie* the lien exists and it lies on the purchaser to show that the vendor agreed to waive it.

*Briscoe,* 1 Tex. at 330 (emphasis original). This same concept was stated more succinctly in *Downs:* "[The vendor's] lien arose by implication, as a natural equity creating a constructive trust in the vendee, that he should not keep the estate of another without paying for it." 40 Tex. at 231.

 We must now apply these settled principles to the facts of the instant case. During her marriage to James, Patsy owned an undivided one-half interest in the twenty-two acre tract of land. In the property settlement agreement, Patsy contracted to sell her interest to James in exchange for $22,500. That agreement was incorporated into the property division order of the final divorce decree.[1] Because the purchase money was not paid at the time of the divorce decree, a vendor's lien arose in Patsy's favor against the undivided one-half interest she had sold. This purchase money lien is superior to James's claim of homestead.

---

1. The court has been cited to the following cases as authority for the proposition that Patsy is not entitled to any lien because none was expressly provided in the settlement agreement: *Ealy v. Ealy,* 616 S.W.2d 420 (Tex.Civ.App.—Texarkana 1981, writ dism'd); *Spence v. Spence,* 455 S.W.2d 365 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.); *Goldberg v. Goldberg,* 425 S.W.2d 830 (Tex.Civ.App.—Fort Worth 1968, no writ); *Goldberg v. Goldberg,* 392 S.W.2d 168 (Tex.Civ.App.—Fort Worth 1965, no writ). These cases are all distinguished from the present case by the fact that each involved court-ordered, not agreed, property divisions in which the trial court elected not to charge the land with a lien.

■ The $22,500 purchase money remained unpaid, and Patsy brought this suit to enforce her vendor's lien. Patsy is entitled to foreclosure of her vendor's lien, and the courts below so held. Her lien, however, is against only the interest she sold—an undivided one-half interest—and it is only that interest that can be sold to satisfy her claim. Accordingly, we modify the judgments of the courts below to decree foreclosure on and sale of an undivided one-half interest in the twenty-two acre tract.

As modified, we affirm the judgments of the courts below.