Jane Morgan STAPLER, Appellant,

v.

Lloyd Kirk STAPLER, Appellee.

No. 2–86–026–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 19, 1986.

David Wacker, Denton, for appellant.

Whitten, Loveless, Kelsey, Gregory, Holt & Phillips and Richard H. Kelsey, Denton, for appellee.

FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

Jane Morgan Stapler appeals from the trial court's judgment, which enforced an equitable vendor's lien on real property awarded to her in her divorce from Lloyd Kirk Stapler, and which ordered the lien foreclosed if Jane did not, within 120 days, discharge her obligation to pay a debt to the Internal Revenue Service. The proceeds of the foreclosure are to be divided between the Internal Revenue Service and Jane. Jane was obligated to pay the debt by virtue of the agreed decree of divorce entered into by her and Lloyd on February 21, 1984. Trial was to the court. The court filed no findings of fact or conclusions of law, and none were requested. In two points of error, Jane urges that the trial court erred in impressing a vendor's lien on the real estate and ordering its foreclosure, because her indemnification obligation under the agreed decree of divorce was indemnity against damages or injuries, not liability, and Lloyd has suffered no loss.

We affirm, because we find that the trial court did not err in enforcing the vendor's lien and ordering foreclosure.

■ In a trial to the court where no findings of fact or conclusions of law are filed or requested, the judgment of the trial court implies all necessary findings of fact in support thereof. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984) (per curiam); *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980) (per curiam). An appel-

lant may challenge these implied findings by raising both legal and factual sufficiency of the evidence points, and where such points are raised, the standard of review to be applied is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Burnett,* 610 S.W.2d at 736. However, Jane presents no points of error challenging the sufficiency of the evidence.

■ Where the implied findings of fact are supported by the evidence, it is the duty of the appellate court to uphold the judgment on any theory of law applicable to the case. *W.E.R.,* 669 S.W.2d at 717; *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex. 1977). This is so regardless of whether the trial court articulates the correct legal reason for the judgment. *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73, 84 (1939).

The Texas Supreme Court has held that where a property settlement provision directs the payment of money as consideration for the conveyance of an interest in real estate, the spouse conveying his or her interest in the real estate retains an implied vendor's lien to enforce the payment of the money due, and is entitled to the foreclosure of the lien if the money is not paid as provided by the agreement. *McGoodwin v. McGoodwin,* 671 S.W.2d 880, 882 (Tex.1984).

In the Stapler's agreed decree of divorce, Jane was awarded the real estate in question and was to be solely responsible for several debts of the parties, including the Internal Revenue Service debt which is involved in the case at bar. The agreed decree does not state specifically that the assumption of the debts by Jane is in consideration for her receiving any interest that Lloyd might have had in the real estate.

■ Jane testified at trial that Lloyd would not have agreed to the divorce settlement if she had not agreed to take his business obligation. She later testified that each gave things to the other in return for what they got under the decree. We find that this evidence would support a finding by the trial court that Jane's promise to pay the Internal Revenue Service debt was consideration for her receipt of the real estate which she received in the decree. She admittedly has not paid the Internal Revenue Service debt as she was obligated to do under the agreed decree of divorce. Since Jane failed to pay the debt as she was obligated to do, and since her assumption of that debt was consideration for her being awarded any of Lloyd's interest in the real estate, Lloyd was entitled to seek and obtain the foreclosure of the implied vendor's lien in the real estate. *Id.*

Jane asserts in her argument under her two points of error that the trial court erred by imposing the implied vendor's lien and foreclosing the lien on the real estate, because the indemnification provisions of the agreed decree provide that she is to indemnify Lloyd for any actual loss he might suffer as a result of her failure to meet her obligations to pay debts under the terms of the agreed divorce decree. She argues that under these indemnification provisions she is not required to indemnify Lloyd for threatened, as opposed to actual, losses. Lloyd does not seek, nor was he awarded, a judgment for damages under the indemnification agreement of the agreed decree of divorce. Instead, he seeks to foreclose the implied vendor's lien as a result of Jane's failure to meet her obligations under the divorce decree. Jane presents us with no authorities, and we are not aware of any, which would hold that Lloyd loses his right to foreclose the implied vendor's lien, because the right to seek indemnification has not yet arisen, despite the acknowledged failure of Jane to meet her obligations under the decree.

Jane argues that she was not in default in any obligation to Lloyd because she had not yet become liable to him under the terms of the decree's indemnification provision. Jane may or may not have been indebted to Lloyd under the terms of the decree's indemnification provision, but she was without question in default of her obligation under the decree to pay the Internal Revenue Service debt. Her failure to ful-

fill that obligation, the assumption of which formed part of the consideration of her receipt of the real estate, authorized the trial court to foreclose the implied vendor's lien in the property. We overrule points of error numbers one and two.

The judgment is affirmed.