NUMBER 13-03-101-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

TERRY MAUREEN POLASEK,                                             Appellant,

v.

MARCUS WAYNE POLASEK,                                              Appellee.
___________________________________________________________________

On appeal from the 156th District Court
of San Patricio County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         This is a suit to clarify and enforce a provision of a 1998 divorce decree
awarding appellee, Marcus Wayne Polasek, as part of the division of the marital estate,
"[o]ne-[h]alf (½) interest in [appellant's] pending lawsuit concerning [fen/phen]." After
a bench trial, the court concluded the language at issue was not ambiguous. It found
that the language was intended to refer to the sole claim appellant, Terry Maureen
Polasek, had for damages asserted in her 1999 fen/phen lawsuit. The court also
concluded that this construction assisted in the implementation and clarification of the
divorce decree and did not amend, modify, alter, or change the substantive division of
property made and approved in the decree. By two issues appellant contends the trial
court erred (1) in not according "pending lawsuit concerning [fen/phen]" its plain
meaning after concluding that provision was not ambiguous, and (2) in amending,
modifying, and/or changing a substantive division of property. We affirm.
I. Background
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.II. Analysis
A. Ambiguity
         By two issues, appellant asserts that, having concluded the language of the
divorce decree was not ambiguous, the trial court was required to give that language
its plain meaning and failed to do so. Appellant contends that the plain meaning of the
phrase, "pending lawsuit," includes, at the very least, that a lawsuit has been filed, not
that one might be filed at some later date.
         "Whether the decree is ambiguous and in need of clarification is a question of
law that we review do novo." Wright v. Eckhardt, 32 S.W.3d 891, 894 (Tex.
App.–Corpus Christi 2000, no pet.); see Nat'l Union Fire Ins. v. CBI Indus., Inc., 907
S.W.2d 517, 520 (Tex. 1995) (whether contract is ambiguous is question of law for
court to decide). Moreover, because the divorce decree at issue in this case is an
agreement by the parties, contract principles control. Appleton v. Appleton, 76
S.W.3d 78, 84 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (citing McGoodwin v.
McGoodwin, 671 S.W.2d 880, 882 (Tex. 1984) (holding marital property settlement
agreement incorporated into final divorce decree is governed by law of contracts)).
         "The determination of whether a contract is ambiguous is made by looking at
the contract as a whole in light of the circumstances present when the parties entered
the agreement." Wright, 32 S.W.3d at 894 (citing Nat'l Union, 907 S.W.2d at 520);
see Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). "Conflicting interpretations
of a contract, and even unclear or uncertain language, do not necessarily mean a
contract is ambiguous." Id. (citing Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132,
134 (Tex. 1994)). A contract is ambiguous only if there is uncertainty as to which of
two meanings is correct. Kurtz v. Jackson, 849 S.W.2d 609, 611 (Tex.
App.–Houston [1st Dist.] 1993, no writ). If there is only one reasonable interpretation
of the contract, it is unambiguous, id., and the court will construe the contract as a
matter of law. Wright, 32 S.W.3d at 894 (citing Nat'l Union, 907 S.W.2d at 520). 
"Just because the parties disagree about the proper construction of a contract does
not mean that the contract is ambiguous." Appleton, 76 S.W.3d at 84 (citing Forbau,
876 S.W.2d at 134). "Courts should not strain to find an ambiguity in a contract if,
in doing so, they defeat the probable intentions of the parties." Id. (citing Licata v.
Licata, 11 S.W.3d 259, 277 (Tex. App.–Houston [14th Dist.] 1999, pet. denied)).
         At the time of the divorce in 1999 appellant had a fen/phen claim. Appellant
had taken fen/phen during her marriage to appellee. She sought recourse and signed
a contract with a lawyer in 1997, before her divorce from appellee. The lawyer made
appointments for appellant to see a physician and later, in 1998, to see a cardiologist. 
The divorce decree was signed on July 9, 1998. Appellant asserted her fen/phen
claim in a lawsuit filed on July 7, 1999. The lawsuit subsequently settled, and
appellant netted $650,000 from the settlement. Appellant did not have any other
fen/phen claims. It is undisputed that the trial court found the fen/phen claim accrued
during the marriage of appellant to appellee and before the decree of divorce. The
court also found that the language in the decree relating to fen/phen was intended to
refer to the claim for damages from fen/phen asserted by appellant in her lawsuit.


 
         Looking at the divorce decree as a whole in light of the circumstances present
when the parties entered the agreement, Wright, 32 S.W.3d at 894 (citing Nat'l Union,
907 S.W.2d at 520); see Coker, 650 S.W.2d at 393, the uncertain language,
specifically "pending lawsuit," does not, in this case, mean the decree is ambiguous. 
See Wright, 32 S.W.3d at 894. We will not strain to find ambiguity in the decree
because in so doing we would defeat the probable intent of the parties. See Appleton,
76 S.W.3d at 84. Therefore, we conclude the divorce decree is not ambiguous as it
relates to appellant's fen/phen claim.
         Furthermore, even if we were to determine that the decree is ambiguous
because there was uncertainty as to which of two meanings was correct, whether the
language referred to appellant's pending claim or a lawsuit that had not yet been filed,
see Kurtz, 849 S.W.2d at 611, contract law provides that the property settlement
agreement may be reformed to correct a mutual mistake and to reflect the true intent
of the parties. See Dechon v. Dechon, 909 S.W.2d 950, 956 (Tex. App.–El Paso
1995, no writ) (citing Allen v. Allen, 717 S.W.2d 311, 313 (Tex. 1986)). As set out
above, the trial court clearly sought the intention of the parties when it construed the
language of the decree. It resolved the ambiguity, if any, by determining that the
intent of the parties was to award one-half interest in appellant's pending claim
regarding fen/phen. B. Clarification
         Appellant also contends that by failing to give the language its plain meaning,
the trial court rewrote the agreement and committed reversible error by altering,
modifying and/or changing the division of property in the divorce decree. We disagree.
         Under section 9.006 of the Texas Family Code, the court may render "further
orders to enforce the division of property made in the decree of divorce . . . to assist
in the implementation of or to clarify the prior order." Tex. Fam. Code Ann. § 9.006(a)
(Vernon 1998). Under section 9.007, the trial court does not have authority to
"amend, modify, alter, or change the division of property made or approved in the
decree of divorce" or "alter or change the substantive division of property." Id. §
9.007(a). Here, as a prerequisite to enforcement, the trial court clarified a prior order. 
See Dechon, 909 S.W.2d at 957-58 & 961 (discussing clarification of divorce decree
by interpreting "benefits" to mean "gross benefits" instead of "net benefits"). The
clarification was made to conform the language of the decree to the intent of the
parties. The trial court did not change or alter the substantive division of property
made in the divorce decree; it clarified the decree. See Tex. Fam. Code Ann. §§ 9.006,
9.007 (Vernon 1998).
         Accordingly, appellant's first and second issues are overruled.
III. Conclusion
         We affirm the judgment of the trial court.
 
                                                                                                
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Memorandum Opinion delivered and 
filed this 28th day of April, 2005.