**AFFIRMED and Opinion Filed December 22, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00137-CV**

**RUSSELL TODD THOMAS, Appellant**
**V.**
**DEBORAH ELAINE THOMAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 95929-86**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Miskel
Opinion by Justice Pedersen, III

Appellant complains of the trial court's denial of his petition for enforcement

of property division ordered in a divorce decree. We affirm the trial court's order.

## BACKGROUND

A divorce decree terminating the marriage of appellant and appellee was signed

September 22, 2017. It included agreed property-division provisions. Section H-1 of

the decree awards property to appellant. Section W-1 of the decree awards appellee a

2.6 acre lot of land. W-1 provided the lot was awarded to appellee "as her sole and

separate property, and the husband [appellant] is divested of all right, title, interest,

and claim in and to that property." However, the decree also imposed a conditional provision that appellee "begin the process of building" a home on the property. It stated, "If [appellee] fails to comply with said build provision, then said 2.60 acres of real property shall revert back to [appellant]." The "build provision" does not define "begin" or "the process of building" and fails to express a time for performance. Moreover, W-1 provides if appellee decides to sell "the real property awarded to her," then she must provide appellant "the first right of purchase option to the property at the fair market value at the time of sale." It also enjoined appellee from selling the property for commercial purposes.

Ultimately, appellee did not complete construction of a house on the property.

Appellant's amended petition for enforcement specifically alleges, "Respondent [appellee] has failed to begin the process of building a permanent, fixed home structure on said property, (i.e. not a mobile home or travel trailer), within the four year period from August 1, 2021." Appellant sought an order that appellee execute a general warranty deed conveying her ownership interest to him. He did not allege the decree was ambiguous.

The trial court held an evidentiary hearing on appellant's motion August 13, 2021, and August 14, 2021. The trial court denied appellant's motion by written order November 23, 2011. Appellant filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). Appellant filed a notice of appeal stating

appellant's intent to appeal the trial court's denial of the November 23, 2021 order. *See* TEX. R. APP. P. 25.1(a). This appeal followed.

## APPELLANT'S ISSUES ON APPEAL

Appellant brings three issues for appellate review, as follow:

1. Did the trial court err in its failure to find the parties' agreed decree ambiguous in the provisions related to the conveyance or division of the 2.60-acre tract of land?

2. Did the trial court err when it limited appellant's testimony and evidence to exclude extrinsic evidence to help the trial court determine the intent of the parties at the time the agreement was made?

3. Did the trial court err when it failed to clarify and enforce the agreed decree regarding the division or conveyance of the 2.60-acre tract of land?[1]

## AMBIGUITY

In his first issue on appeal, appellant argues the decree was ambiguous. He asserts (1) the "build provision" of the decree is ambiguous; (2) other provisions in the decree conflict and create ambiguity; (3) the decree as a whole demonstrates ambiguity; and (4) appellee created "confusion" in the hearing below concerning the word "revert" in the decree. He argues the trial court erred by not clarifying the agreed divorce decree and by not enforcing the decree as so clarified.

---

[1] Appellant's motion for enforcement alleged, "Additionally, Petitioner prays that the Court issue an Order prohibiting BENJIAMIN GERSON, or any other individual not previously stated in the Final Decree of Divorce, from residing in the residence outlined above." The trial court's order denied appellant's motion without reference to this allegation. Appellant does not complain in this Court of the trial court's order concerning this allegation. Consequently, this Court does not address or decide any matter related to the allegation. *See Centurion Am. Custom Homes, Inc. v. Crossroads Opportunity Partners, LLC*, No. 05-21-00025-CV, 2022 WL 17974698, at *3 (Tex. App.—Dallas Dec. 28, 2022, no pet.) (mem. op.) ("[W]e have no discretion to create an issue or argument not raised in appellant's brief.").

–3–

## STANDARD OF REVIEW AND GOVERNING LAW

Because the divorce decree provision at issue is an agreement by the parties, contract principles control. *See McGoodwin v. McGoodwin,* 671 S.W.2d 880, 882 (Tex.1984) (a marital property settlement agreement incorporated into a final divorce decree is governed by the law of contracts). When construing a contract, we must look to the language of the parties' agreement. *See Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 479 (Tex. 2019). We must give effect to the parties' intentions as expressed in their agreement. *See id.*; *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 888 (Tex. 2019) (stating that "primary objective" when construing contract is "to give effect to the written expression of the parties' intent"). When discerning the contracting parties' intent, we examine the entire agreement and give effect to each provision so that none is rendered meaningless. *See Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 450 (Tex. 2015). We give contract terms their plain and ordinary meaning unless the contract indicates that the parties intended a different meaning. *See id.* We do not give any single provision, taken alone, controlling effect; rather, we consider all provisions with reference to the entire instrument. *See id.* A contract's plain language controls, not what one side or the other alleges they intended to say but did not. *See Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017). We construe contracts under a de novo standard of review. *See Barrow-Shaver Res.*, 590 S.W.3d at 479.

If a contract is worded in such a way that it can be given a definite or certain legal meaning, the contract is not ambiguous and courts construe the contract as a matter of law. *See id.*; *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Courts enforce an unambiguous contract as written and will not receive parol evidence for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports. *See David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008) (per curiam).

Only where a contract is ambiguous may a court consider the parties' interpretation and admit extraneous evidence to determine the true meaning of the instrument. *See id*. If the contract contains two or more reasonable interpretations, the contract is ambiguous. *See Barrow-Shaver Res.*, 590 S.W.3d at 479. When a court determines a contract is ambiguous, extraneous evidence may be admitted to help determine the language's meaning. *See id.* at 480.

Contract language is not ambiguous simply because it is unclear or because the parties assert forceful and diametrically opposing interpretations. *See Title Res. Guar. Co. v. Lighthouse Church & Ministries*, 589 S.W.3d 226, 232 (Tex. App.—Houston [1st Dist.] Dec. 3, 2019, no pet.) (citing *In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 781 (Tex. 2006) (orig. proceeding)); *Universal Health Servs., Inc. v. Renaissance Women's Grp., P.A.*, 121 S.W.3d 742, 746 (Tex. 2003) (lack of clarity does not create an ambiguity, and not every difference in the interpretation of a contract amounts to an ambiguity). Whether a contract is ambiguous is a question of law for the court to

–5–

decide. *See First Bank v. Brumitt*, 519 S.W.3d 95, 105 (Tex. 2017). This question must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered. *See Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 449–50 (Tex. 2011).

The Texas Supreme Court has clarified when courts may consider surrounding circumstances and parol evidence when construing a contract. Courts may consider facts and circumstances including the commercial or other setting in which the contract was negotiated and other objectively determinable factors that give context to the parties' transaction. *See Americo Life, Inc. v. Myer*, 440 S.W.3d 18, 22 (Tex. 2014); *see also Kachina Pipeline*, 471 S.W.3d at 450 (while evidence of circumstances can be used to inform the contract text and render it capable of only one meaning, extrinsic evidence can be considered only to interpret an ambiguous writing, not to create ambiguity). Objective manifestations of intent control, not what one side or the other alleged they intended to say but did not. *See URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 763–64 (Tex. 2018); *see Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 749 (Tex. 2020) (the parol evidence rule prohibits courts from relying on such evidence to create ambiguity in the contract's text; to augment, alter, or contradict the terms of an unambiguous contract; to show that the parties probably meant, or could have meant, something other than what their agreement stated; or to make the language say what it unambiguously does not say). We cannot rewrite a contract or add to its language under the guise of interpreting it. *See Calvert v. Crawley*, No. 01-

20-00105-CV, 2022 WL 1462799, at *8 (Tex. App.—Houston [1st Dist.] May 10, 2022, pet. denied) (mem. op.).

## ANALYSIS

We address appellant's arguments that the decree is ambiguous.

### The Build Provision

Appellant argues the decree is ambiguous "over whether Appellee fulfilled the build provision[.]" He argues the parties intended appellee would "actually" build a house on the land.

As noted, the build provision states, "If Husband is current on any payments as ordered under provision H-4 of page 29 of this decree, then Wife shall *begin the process* of building a permanent, fixed home structure on said property. (i.e. not a mobile home or travel trailer)." (Emphasis added.) Appellant's specific allegation in the trial court is, "Respondent [appellee] has failed to comply with the decree described above as follows: Respondent has failed *to begin the process* of building a permanent, fixed home structure on said property, (i.e. not a mobile home or travel trailer), within the four year period from August 1, 2020." (Emphasis added.) Appellant concedes in this Court, "The build provision is not defined anywhere in the agreed decree." He argues, "Webster's Dictionary defines 'build' as 'to cause to be constructed.'" Appellant's focus on the word "build" is misplaced.[2] As noted, his

_____

[2] W-1, after providing appellee begin the process of building a structure, subsequently provides, "If Wife fails to comply with said *build provision*, then said 2.60 acres of real property shall revert back to Husband."

–7–

motion to enforce does not allege appellant failed to "build" the house within four years. Rather, the relevant undefined word in appellant's allegations below and in the decree is "begin." We apply the plain meaning of "begin," as noted above. "Begin" is defined as: "Take the first step in some action or process; commence, start." *Begin*, THE NEW SHORTER OXFORD ENGLISH DICTIONARY, (4th ed. 1993).[3] Due to the plain meaning of the word "begin," we conclude the build provision has a definite and certain meaning and is not ambiguous.

The decree lacks detail on what constitutes beginning the process of building. During the hearing, the trial court noted,

> [T]here is absolutely no timeline for her to do that and there is no definition of start the process. . . . But there's no language that says what does start the process mean or how long does she have—the only unequivocal thing that I have is this was awarded to [appellee]. This was awarded to [appellee], and then there's restrictions back and forth as far as, if this, then that. But there's no real timelines beyond that and then there's no real definition defining what that actually means.

Appellee's counsel argued below,

---

(Emphasis added.) The decree uses "build" as a general, shorthand reference back to the provision appellee alleged below to have been violated, that appellee "begin the process" of building, not an express requirement to "build."

[3] The trial court held an evidentiary hearing on appellant's motion August 13, 2021, and August 14, 2021. Appellee testified as follows: She had taken action to start building a house on the property prior to divorce. The property already had been surveyed. She gathered information related to building a house on the property. She consulted a contractor about appropriate accommodations required for the parties' two sons, who use wheelchairs. After entry of the September 22, 2017 decree she met with a builder and discussed construction of a house on the property in February 2018 or February 2019. She had plans drawn for the house. She and the builder "walked" the property. She and the builder "staked" flags on the 2.6 acres to mark the house's contemplated site. She had a builder "lined up." "That's what I did to start." *See Begin*, THE NEW SHORTER OXFORD ENGLISH DICTIONARY, (4th ed. 1993).

The problem for [appellant's counsel] is that he was there at the time this was drafted. He could have said build the house. He could have said the house has to be built. He could have said that the house has to be completed. Instead, he—he accepted and adopted language that said "start the build process" without defining it, without limiting it or without putting a time frame on it when it needed to be done.

Appellant concedes, "It is undisputed the agreed decree is silent as to a definition of "build."" However, "Inartful drafting does not alone render a contractual provision ambiguous." *In re D. Wilson Const. Co.*, 196 S.W.3d at 781. As noted, an ambiguity results when the intention of the parties is expressed in language that is susceptible to more than one reasonable meaning. *See Providence Land Servs., LLC, v. Jones*, 353 S.W.3d 358, 543 (Tex. App.—Eastland 2011, no pet.); *Universal Health Servs., Inc.*, 121 S.W.3d at 746 (noting lack of clarity does not create an ambiguity, and not every difference in the interpretation of a contract amounts to an ambiguity). Courts do not rewrite contracts to insert provisions that the parties could have included. *See LG Ins. Mgmt. Servs., L.P. v. Leick*, 378 S.W.3d 632, 638 (Tex. App.—Dallas 2012, pet. denied); *Providence Land Servs.*, 353 S.W.3d at 543 ("Courts are without authority to supply the missing terms of a contract which the parties themselves had either not seen fit to place in their agreement, or which they omitted to agree upon.").

We reject appellant's argument that the build provision is ambiguous.

Appellant asserts the decree's language is ambiguous "on its face" because H-1 and W-1 conflict as to whether the decree conveys to appellee a fee simple absolute in the land or a fee simple determinable. He describes H-1 as providing for a "carve out" of the 2.0 acres from the real property otherwise awarded to him. He argues H-1 appears to convey to appellee a fee-simple-absolute interest in the land. He cites *Hoke v. O'Bryen*, 281 S.W.3d 457, 460 (Tex. App.—Texarkana 2007, no pet.), for the proposition that "a 'fee simple absolute' is defined as an estate over which the owner has unlimited power of disposition in perpetuity without condition or limitation." However, he argues W-1 conveys appellee the same property with "conditions and limitations," apparently giving appellee a fee-simple-determinable interest in the land. He asserts a "fee simple determinable" is an estate that automatically expires upon the happening of a limiting event. *See id.* He argues both provisions "cannot be true" and, thus, are ambiguous.

However, such conflict, if any, was immaterial to the trial court's order denying appellant relief. Appellant based his trial court motion on appellee's alleged failure to comply with the build provision. Decision of that issue—whether appellee failed to begin the process of building on the property—did not require determination of whether the decree conveys title in fee simple absolute or fee simple determinable.

Moreover, as we understand appellant's argument, any conflict argued to be caused by H-1 and W-1would be inconsequential to the trial court's order denying

–10–

him relief. That is, if the decree awards a fee simple absolute in the land to appellee, then "conditions and qualifications" on the award are of no effect, and appellant would not be entitled to relief for violation of such ineffectual "conditions and qualifications." Moreover, if the decree awards a fee simple determinable subject to "conditions and qualifications," then appellant would not be entitled to the relief he seeks due to the decree's failure to define the "conditions and qualifications" of the unambiguous build provision, as addressed above.

We reject appellant's argument that the decree is ambiguous due to conflict in H-1 and W-1.

Construction of Decree As a whole

Appellant argues the decree, construed as a whole, and surrounding circumstances demonstrate the build provision is ambiguous. He argues sections of the decree—other than the build provision—demonstrate the parties' intent that appellee must complete building on the property within four years of August 1, 2017.

In making this argument, appellant refers to appellee's statement of her subjective understanding of the decree's meaning. Objective manifestations of intent control what one side or the other alleged they intended to say but did not. *See URI*, 543 S.W.3d at 763–64; *see also Piranha Partners*, 596 S.W.3d at 749. Only where a contract is ambiguous may a court consider the parties' interpretation and admit extraneous evidence to determine the true meaning of the instrument. *See David J.*

*Sacks, P.C.,* 266 S.W.3d at 450-51. Accordingly, we do not consider statements of subjective understanding of the unambiguous build provision.

Appellant relies on decree provisions ordering him to pay appellee forty-six monthly $1,000 payments, beginning March 1, 2017, and awarding appellee possession of the former family residence located away from the lot awarded to appellee. The decree awards appellee possession of the residence for a maximum of four years, beginning August 1, 2017, with extensions in case of delinquent monthly payments by appellant. From this, appellant concludes, "It makes sense at that point in time, she [appellee] would have her own home constructed on her tract of land set aside and be ready to take occupancy."

A contract is ambiguous only if it is subject to more than one reasonable interpretation after the pertinent rules of construction have been applied. *See Finley Res., Inc. v. Headington Royalty, Inc.*, 672 S.W.3d 332, 340 (Tex. 2023). The provisions appellant cites do not refer to the decree's build provision, they instead address appellee's possession of the residence and appellant's payment obligations. They provide neither that appellee must complete construction on the property, nor a deadline for doing so. They do not address such requirements in any manner. By their plain terms, the cited-to provisions fail to provide a reasonable basis for appellant's interpretation that appellee must have completed construction of a building on the property within a four-year period. *See Great Am. Ins. Co.*, 512 S.W.3d at 893 (a contract's plain language controls, not what one side or the other alleges they intended

–12–

to say but did not). We reject appellant's argument that the decree, as a whole, supports his interpretation of the decree and likewise reject his claim of ambiguity. *See Barrow-Shaver Res.*, 590 S.W.3d at 479 (if a contract contains two or more reasonable interpretations, the contract is ambiguous).

## "Reversion Back"

Included in his argument concerning ambiguity of the decree, appellant argues, "Appellee created further confusion at the enforcement hearing regarding the term 'reverts back' used in W-1 of the agreed decree." Appellant fails to specify how appellee created "further confusion." He fails to cite the appellate record to support his assertion. As noted, W-1 provides, in part, "If Wife fails to comply with said build provision, then said 2.60 acres of real property shall revert back to Husband." He argues, "Because reversion has a clear legal meaning, the trial court should construe it as a matter of law."

However, any issue of "reversion" was immaterial to the trial court's decision. As noted, W-1 provides for reversion "if" appellee fails to comply with the build provision. Because the trial court properly denied appellant relief on his allegation that appellee violated the build provision in W-1, the trial court had no occasion to reach the question of reversion.

Consequently, we reject appellant's argument that the trial court's order was erroneous based on the decree's reversion provision.

• • •

We overrule appellant's first issue that the settlement agreement was ambiguous.

## EXCLUSION OF TESTIMONY

In his second issue, appellant argues the trial court erred by excluding extrinsic evidence offered to assist the trial court to determine the intent of the parties at the time the agreement was made.

Appellant complains the trial court erred by sustaining an objection to his testimony. Appellant's attorney asked him about the settlement agreement, "And to your knowledge, what was the understanding of that agreement?" Appellee's attorney objected. He argued the question called for hearsay beyond the scope of the record. He argued that the parol evidence rule and statute of frauds limited appellant's testimony "to the four corners of the decree and not any other conversations that occurred outside the record at the time of prove-up." Appellee also objected the testimony was irrelevant under Rules 402 and 403 of the Texas Rules of Evidence. *See* TEX. R. EVID. 402, 403.

The following exchange then occurred:

THE COURT: Here's what I'm going to do on this then: I'm going to overrule in part and sustain in part, but he can't get into any negotiations or anything—settlement offers. What he can state is what his understanding was of the decree.

[Appellant's counsel]: Yes, sir.

–14–

"An appellate court does not reach the question of whether evidence was erroneously excluded unless the complaint has first been preserved for review." *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.—Dallas 2008, no pet.). To preserve an objection to the exclusion of evidence, the complaining party must present the excluded evidence to the trial court by offer of proof or bill of exception. *See id.* (citing TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.2; and *Langley v. Comm'n for Lawyer Discipline*, 191 S.W.3d 913, 915 (Tex. App.—Dallas 2006, no pet.)).

Appellant does not cite to the appellate record and demonstrate he presented the excluded testimony to the trial court by offer of proof or bill of exception. Nor has our review of the appellate record disclosed such presentation.

We overrule appellant's second issue.[4]

### FAILURE TO CLARIFY AND ENFORCE AGREED ORDER

In his third issue, appellant complains the trial court erred by failing to clarify and enforce the "ambiguous" agreed divorce regarding the division or conveyance of

---

[4] Appellant's argument makes several assertions in this Court concerning the testimony of Brandi Fernandez, appellee's attorney in the divorce proceedings. He states her testimony at the enforcement hearing was not helpful pursuant to Texas Rule of Evidence 701. *See* TEX. R. EVID. 701 (opinion testimony by lay witnesses). He also states her testimony was not based on knowledge, skill, experience, training, or education as required by Texas Rule of Evidence 702. *See* TEX. R. EVID. 702 (testimony by expert witnesses). However, appellant stipulated at the hearing to Fernandez's credentials, to her ability to offer testimony and, and to her being considered an expert witness. Appellant fails to complain of the testimony's admission in a separate appellate issue. Appellant failed to object in the trial court to Fernandez's testimony. Texas Rule of Appellate Procedure 33.1 requires a party to timely object in the trial court to preserve a complaint on appeal. *See* TEX. R. APP. P. 33.1(a)(1); *see In re R.R.*, No. 05-14-00773-CV, 2015 WL 5813391, at *5 (Tex. App.—Dallas Oct. 6, 2015, no pet.) (mem. op.). To the extent appellant intends to complain of Fernandez's testimony, such objection is not preserved for our review.

the 2.6-acre tract. He bases his issue on arguments we have rejected, above. We overrule appellant's third issue.

## CONCLUSION

We affirm the trial court's order.

220137f.p05

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

RUSSELL TODD THOMAS,
Appellant

No. 05-22-00137-CV     V.

DEBORAH ELAINE THOMAS,
Appellee

On Appeal from the 86th Judicial
District Court, Kaufman County,
Texas
Trial Court Cause No. 95929-86.
Opinion delivered by Justice
Pedersen, III. Justices Molberg and
Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DEBORAH ELAINE THOMAS recover her costs of this appeal from appellant RUSSELL TODD THOMAS.

Judgment entered this 22nd day of December, 2023.