In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00411-CV
_____


JUAN A. HERNANDEZ II, Appellant

V.

GINA KAY JOHNSON AND JAY WRIGHT, Appellees

_____

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 17-03-03674-CV
_____

**MEMORANDUM OPINION**

In this appeal, Juan A. Hernandez II argues the trial court erred by issuing a judgment that declares his ex-spouse, Gina Johnson, has an owelty lien[1] on his homestead. The judgment from which Hernandez appeals is based, in part, on the

---

[1] "Owelty" is defined as "[e]quality as achieved by a compensatory sum of money given after an exchange of parcels of land having different values or after an unequal partition of real property." BLACK'S LAW DICTIONARY 1214 (9th ed. 2009).

1

trial court's rulings on the parties' cross-motions for summary judgment. For the following reasons, we affirm the judgment.

Background

Hernandez and Johnson married in March 2006. After marrying, they built a home and a swimming pool on a lot located in Montgomery County Texas. Hernandez's parents gave him the lot, and it was his separate property when Hernandez and Johnson decided to build their home there. To finance the work needed to construct the improvements, Johnson and Hernandez obtained loans. They ultimately converted the loans into a mortgage.[2]

In September 2016, after approximately ten years of marriage, Johnson and Hernandez divorced. Ultimately, they resolved their disputes in the divorce through an agreed decree. Under the agreed decree, the trial court confirmed the lot, which is located on South Rayburn Drive, as Hernandez's separate property. The agreed decree, however, required Hernandez to give Johnson a promissory note for $20,000, secured by an owelty lien burdening the lot.[3] To comply with the terms in the agreed

---

[2] The loan documents and the mortgage contain Hernandez's and Johnson's signatures.

[3] The agreed decree, the $20,000 note, and the deed of trust are included in the summary judgment evidence the trial court considered when resolving the issues addressed in the motions.

2

decree, Hernandez gave Johnson a $20,000 promissory note. To secure the obligations that Hernandez owed Johnson under the note, he also gave Johnson a deed of trust. The deed of trust identifies the property as the lot on South Rayburn Drive. The deed of trust names Johnson as the beneficiary of the trust, and it gave the trustee the right to sell the property on South Rayburn Drive if Hernandez defaulted on his note.

Hernandez used the property on South Rayburn Drive to secure his obligation to pay the note. The terms of the note allowed Johnson to accelerate Hernandez's debt if he failed to make the payments required by the terms of the note. One of the provisions in the deed of trust states: "This deed of trust is given to impose an owelty of partition against the entirety of [the tract identified as lot six] in order to comply with the [agreed decree.]" Another provision in the deed of trust gave Johnson the right to foreclose her owelty lien if Hernandez defaulted on the note.[4]

In March 2017, Johnson notified Hernandez that he had defaulted on his note and of her intent to accelerate the debt and foreclose. Seeking to stop the foreclosure, Hernandez sued Johnson and the attorney who represented Johnson in her divorce, Jay Wright. In his petition, Hernandez asked that the court grant injunctive and

---

[4] *See* Tex. Prop. Code Ann. § 51.002 (West Supp. 2018) (authorizing the nonjudicial sale of real property after default under powers granted in a deed of trust).

declaratory relief based on his argument that Johnson's deed of trust did "not create a valid lien on [his] homestead[.]"[5] In response, Johnson filed a general denial and a counterclaim, alleging she was entitled to have the trial court render a judgment declaring that she had the right to foreclose on Hernandez's property under the express terms in the agreements used to create the owelty lien on Hernandez's property on South Rayburn Drive.

According to the court's docket sheet, in April 2017, Hernandez's attorney appeared in court and announced he was dismissing Hernandez's claims against Jay Wright. About three weeks later, Johnson filed a traditional motion for summary judgment on Hernandez's claims. In her motion, Johnson alleged that Hernandez had agreed to stipulate that he was in default on the $20,000 promissory note. Johnson asked the trial court to declare she has the right to foreclose on the note even though Hernandez was asserting homestead rights to the property on South Rayburn Drive. She also asked that the trial court dismiss Hernandez's claim against her with prejudice, and that it grant her counterclaim seeking to recover attorney's fees.

In May 2017, Hernandez filed a motion for summary judgment on his claims against Johnson. In Hernandez's motion, he asked the trial court to declare the

---

[5] *See* Tex. Const. art. XVI, § 50(c).

owelty lien and deed of trust invalid. According to Hernandez's motion, the language the parties used in the agreed decree when they divorced failed to create a valid owelty lien on his homestead.

In June 2017, the trial court denied Hernandez's motion for summary judgment. Then, during a hearing on Johnson's motion for summary judgment in July 2017, the trial court advised the parties that Johnson's motion for summary judgment would be granted in part and denied in part. In August 2017, the trial court signed a judgment declaring Hernandez in default on his note. The judgment also declares that Johnson has a valid, enforceable owelty lien on the property on South Rayburn Drive and that his property is subject to foreclosure based on Johnson's "Owelty Deed of Trust Lien." Although Johnson prevailed on her declaratory judgment claims, the trial court denied her request for attorney's fees. The judgment then states the trial court was denying "all other relief" and the judgment is final and could be appealed.[6]

---

[6] Neither Hernandez, nor Johnson, complain the trial court's judgment did not dispose of all the claims. We note, however, that Hernandez's pleadings include a claim for wrongful foreclosure based on Johnson's alleged failure to give him sufficient notice that she was accelerating his note. We further note that the wrongful foreclosure claim is not addressed by Johnson's motion for summary judgment. Nevertheless, the judgment denied Hernandez relief on all his claims, not just those addressed by Johnson's motion for summary judgment. Here, the judgment includes language of finality, making the trial court's judgment final despite the fact the judge ruled on a claim not addressed by Johnson's motion. *See Lehmann v. Har-Con*

5

On appeal, Hernandez argues that he signed the note and deed of trust solely so the court that handled his divorce could affect a just and equitable division of his and Johnson's marital estate. He claims the court handling his divorce did not have the right to create an owelty lien burdening his separate property because it has always been his homestead. According to Hernandez, the district court handling the case that is the subject of this appeal committed error when it concluded the language in the agreed decree had effectively created a valid owelty lien on his home. He contends the term "owelty lien," as used in the agreed decree, was misused because the lot is now and was at the time of the divorce his separate property. Hernandez concludes the trial court should have granted his motion, declared the lien invalid, and denied the motion Johnson filed.

In response to these arguments, Johnson contends Hernandez should not be allowed to collaterally attack the language in the agreed decree. She also claims the summary-judgment evidence authorized the trial court to declare the owelty lien is valid because the summary-judgment evidence established the home and pool were

_____

*Corp.*, 39 S.W.3d 191, 200 (Tex. 2001) (explaining that "[a] judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory"). Hernandez has not complained the trial court granted relief on a claim not included in Johnson's motion for summary judgment.

built on the property with community funds.[7] Johnson points to the language in the agreed decree, the $20,000 note, and the deed of trust to support her arguments that the evidence proved the court handling the divorce required Hernandez to sign the note to settle the reimbursement claims she made in the divorce. Johnson concludes the summary-judgment evidence authorized the trial court to grant her motion and issue a judgment declaring she has a valid and enforceable owelty lien against the property on South Rayburn Drive.

## Standard of Review

The issue in this appeal is whether Johnson established, as matter of law, that she has a valid owelty lien against the property on South Rayburn Drive. Under

---

[7] The trial court considered the following evidence when it ruled on the motions: (1) Hernandez's original petition; (2) Johnson's original answer and motion for declaratory judgment; (3) two affidavits signed by Hernandez; (4) an affidavit signed by Johnson; (5) the final divorce decree; (6) the promissory note that Hernandez gave Johnson evidencing a debt of $20,000; (7) the deed of trust securing owelty lien; (8) the deed of trust that Johnson and Hernandez signed in 2006 in connection with a mortgage they obtained from a bank to finance their home; (9) an affidavit of commencement, reflecting that in 2006, a contractor began building the house; (10) a deed of trust, signed by Hernandez and Johnson in 2008, to extend and renew a note they owed for improvements constructed on Hernandez's lot; (11) a contract for improvements and deed of trust, signed by Hernandez and Johnson in 2011 to build a pool on Hernandez's lot; (12) an affidavit from Johnson's attorney, which addressed the attorney's fees that Johnson incurred in the case; and (13) an affidavit from Hernandez's attorney, which addressed the attorney's fees that Hernandez incurred in the case.

Texas law, "[d]eclaratory judgments decided by summary judgment are reviewed under the same standards of review that govern summary judgments generally."[8] A trial court's decision to grant or deny a motion for summary judgment is reviewed on appeal using a *de novo* standard of review.[9] When conducting our review, we consider the same evidence the trial court considered when it ruled on the motions.[10] To prevail on her motion, Johnson had the burden to prove, as a matter of law, each element of her claim that she has a valid, enforceable owelty lien.[11] In our review, we examine that evidence "'in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.'"[12] If Johnson met her burden, the burden of production shifted to Hernandez to produce

---

[8] *Cadle Co. v. Bray*, 264 S.W.3d 205, 210 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.010 (West 2015).

[9] *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

[10] *See Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833 (Tex. 2018).

[11] *See* Tex. R. Civ. P. 166a(c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

[12] *Pasko*, 544 S.W.3d at 833 (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)).

enough evidence to establish that a genuine issue of material fact existed on at least one of the elements of Johnson's claims.[13]

In his brief, Hernandez argues the summary-judgment evidence supporting his motion required the trial court to grant it. In reviewing the ruling denying Hernandez's motion, we review the summary-judgment evidence in a light that favors her claims and resolve all doubts about the evidence in her favor.[14] Here, the trial court's judgment fails to specify the grounds on which it reached its conclusions. Nevertheless, we will affirm the judgment if any of the theories presented by the parties in their motions authorized the trial court to decide the motions in a manner consistent with the judgment the trial court rendered.[15]

Analysis

Hernandez raises two issues in his brief. For convenience, we address Hernandez's second issue before addressing the arguments he raises in issue one. In issue two, Hernandez argues Johnson was not entitled to summary judgment based

---

[13] *See Chavez v. Kan. City S. Ry. Co.*, 520 S.W.3d 898, 900, 901 (Tex. 2017).

[14] *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Randall's Food Markets, Inc. v. Johnson*, 892 S.W.2d 640, 644 (Tex. 1955)).

[15] *See Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

on the undisputed facts presented to the trial court. He also argues the trial court should have granted his motion for summary judgment based on the evidence the trial court considered when it ruled.

To meet her burden of proof, Johnson was required to establish that no genuine issues of material fact existed for a trier of fact on her claim that she has a valid owelty lien.[16] In this case, the main summary-judgment evidence explaining why the trial court handling Hernandez's and Johnson's divorce required Hernandez to sign the $20,000 note consists of Johnson's affidavit and the agreed decree.[17] The agreed decree was entitled to a presumption of validity, as it became final in 2016. For that reason, the trial court was required to consider the terms in the decree when deciding whether the lien was valid.[18] The agreed decree describes the lien created in the divorce as an owelty lien. The other primary source of evidence that explains

---

[16] Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215-16.

[17] Hernandez attached the agreed decree to his motion, but in an appeal arising from cross-motions for summary judgment, we review the evidence based on all the evidence the trial court had before it when it decided the motions.

[18] *See White v. White*, 179 S.W.2d 503, 505 (Tex. 1944) ("Where a court of record, having general jurisdiction, assumes to exercise its jurisdiction in a given case, all presumptions are in favor of the validity of its proceedings; and if the record shows that the steps necessary to clothe it with power to act were taken, or if the record be silent on this subject, then its judgment must be held conclusive in any other court of the same sovereignty when collaterally called into question.").

why the trial court handling the divorce would have required Hernandez to sign a note is in Johnson's affidavit: She stated that Hernandez "agreed to repay me $20,000.00 for my community property interest in the marital homestead."

The agreed decree and Johnson's affidavit shifted the burden of proof to Hernandez to establish that the debt created by the $20,000 note was unrelated to Johnson's reimbursement claim. While Johnson filed affidavits, his affidavits never addressed the purpose of the note.

Because there is evidence in the record showing that the claims in the divorce included a claim for reimbursement, that court was authorized to enforce the owelty lien against the property on South Rayburn Drive.[19] Generally, Article XVI, section 50 of the Texas Constitution protects individuals from being forced to sell a homestead, but the section has many exceptions.[20] One of the exceptions is for "an owelty of partition imposed against the entirety of the property by a court order or by a written agreement of the parties to the partition, including a debt of one spouse in favor of the other spouse resulting from a division or an award of a family

---

[19] *See Heggen v. Pemelton*, 836 S.W.2d 145, 146 (Tex. 1992) (citing Tex. Const. art. XVI, § 50).

[20] Tex. Const. art. XVI, § 50.

homestead in a divorce proceeding[.]"[21] That exception applies under the circumstances that were shown here.

In conclusion, the only evidence before the trial court established that Hernandez signed the note based on Johnson's claim for reimbursement, which resulted when Johnson and Hernandez used community funds to pay to build a home and pool on the lot. Thus, Texas law allowed the court handling Hernandez's divorce to impose an owelty lien on the lot even though it is Hernandez's homestead.[22]

## Conclusion

We hold the trial court was authorized to grant Johnson's motion for summary judgment. We further conclude the trial court did not err by denying Hernandez's motion. We overrule issue two. Given our resolution of that issue, we need not reach Hernandez's remaining issue since resolving his arguments about it are not necessary to our resolution of his appeal.[23] For the reasons explained above, the trial court's judgment is affirmed.

AFFIRMED.

---

[21] *Id*. art. XVI, § 50(3).

[22] *See Heggen*, 836 S.W.2d at 146.

[23] *See* Tex. R. App. P. 47.1.

12

_____
HOLLIS HORTON
Justice


Submitted on September 12, 2018
Opinion Delivered July 11, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.